Affirmed and Memorandum Opinion filed August 16, 2007








Affirmed and Memorandum Opinion filed August 16, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00225-CV

____________

 

JOSEPH H. BROUSSARD, d/b/a THE
BILLIARD EMPORIUM, Appellant

 

V.

 

MYRTLE A. KNOX, d/b/a MAINLAND
PLAZA SHOPPING CENTER, KNOX=S INTERESTS, ET AL, ATTORNEY JAMES C. DANIELS, JAMES
C. DANIELS, P.C., et al, Appellees

 



 

On Appeal from the 10th
Judicial District Court

Galveston County, Texas

Trial Court Cause No. 04CV0832

 



 

M E M O R A N D U M  O P I N I O N








This is a landlord-tenant dispute.  Appellant, Joseph H.
Broussard, plaintiff below, leased commercial property from appellees
(collectively referred to as ADaniels@).  Broussard was
evicted from the leased premises for non-payment of rent and sued Daniels
alleging breach of contract, fraud, wrongful eviction, and violations of the
Texas Deceptive Trade Practices Act (ADTPA@).  After a bench
trial, the trial court entered a judgment in favor of Daniels.  In four issues,
Broussard challenges the sufficiency of the evidence supporting the trial court=s findings of fact
and conclusions of law, and the trial court=s denial of his
motion for new trial and motion to reinstate.[1] 
We affirm.

Factual and Procedural Background

On August 10, 1992, Broussard entered into a lease
agreement with Daniels concerning commercial property located on Palmer Highway
in Texas City.  Broussard began operating a business known as the Billiard
Emporium in a building located on the leased premises.  Under the terms of the
lease agreement, Broussard was responsible for making all necessary repairs to
the building=s air conditioning units except for the complete
replacement of the units, which was the responsibility of Daniels.  In 1996, a
dispute arose between Broussard and Daniels regarding the need to replace the
air conditioning units.  Between 1996 and 2000, Broussard lodged numerous
complaints and repeatedly requested that Daniels replace the failing air conditioning
units.  However, the units were not replaced.  Because of the declining
efficiency of the air conditioning system, the building became increasingly
uncomfortable during the summer months and business at the Billiard Emporium
declined.  Broussard attempted to negotiate an agreement for early termination
of the lease, but was unsuccessful.  Broussard stopped paying rent in September
of 1999, and the Billiard Emporium closed for business at the end of June,
2000.  Daniels filed suit in Justice of the Peace Court to oust Broussard and
was awarded possession of the premises on August 15, 2000.








Broussard filed the instant lawsuit against Daniels in
Galveston County District Court on July 30, 2004.  In his original petition,
filed pro se, Broussard alleged breach of contract, fraud, wrongful eviction,
and DTPA violations.  The trial court granted partial summary judgment in favor
of Daniels and dismissed Broussard=s DTPA claims on
the ground that they were barred by limitations.  After a bench trial on the
remaining causes of action, the trial court ruled that Broussard failed to
prove his fraud and wrongful eviction claims, and Broussard=s
breach-of-contract claim was barred by limitations.  Regarding the breach of
contract claim, the trial judge ruled that Athe statute of
limitations began to run at the end of June 2000 when [Broussard] closed his
business. . . . The utility of the lease was destroyed and the statute of
limitations began to run at the end of June 2000.  The lawsuit was filed [on]
July 30th of 2004, in excess of four years after the final statute of
limitations began to run.@  The trial court entered a judgment in
favor of Daniels, and Broussard timely filed his notice of appeal and pro se
appellate brief.  

Discussion

I.
Findings of Fact

In his first issue, Broussard claims the evidence is
insufficient to support the trial court=s findings of fact
numbers 7, 8, and 10.  As the trier of fact in a bench trial, the trial judge
determines the credibility of the witnesses and the weight to be given their
testimony.  Aguiar v. Segal, 167 S.W.3d 443, 449 (Tex. App.CHouston [14th
Dist.] 2005 pet. denied).  We may not disregard the trial court=s findings of fact
if the record contains some evidence from which inferences may be drawn, unless
the findings are so contrary to the overwhelming weight of the evidence as to
be manifestly wrong.  Perna v. Hogan, 162 S.W.3d 648, 656 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  








Broussard contends findings of fact numbers 7 and 10 Aare erroneous[]
because the Plaintiff has produced material and conclusive evidence that is
undisputed by the Defendants that the termination date of the contract is
September 30, 2000 by filing with the clerk of the court a copy of the lease
that is attached to Plaintiff=s Original Petition.@  Initially, we
note that findings of fact numbers 7 and 10 do not pertain to the date on which
the lease contract was terminated.  Rather, findings of fact numbers 7 and 10
provide the date on which the Billiard Emporium stopped doing business, which,
the trial court erroneously concluded, was the date on which the statute of
limitations on Broussard=s breach-of-contract claim began to run.[2]


Finding of fact number 7 provides: AMr. Bernardo
Meneses, [sic] an accountant, testified that the gross receipts of the Billiard
Emporium declined steadily from 1998 to June of 2000 and the business was
closed down at the end of June, 2000.@  Our review of
the record shows that Bernardo Maneses testified at trial that he is an
experienced accountant who prepared an accurate report of the income of
Billiard Emporium.  Maneses testified there was a considerable decline in the
income of Billiard Emporium from 1998 to 2000.  Meneses further testified that
Broussard told him the Billiard Emporium was closing at the end of June, 2000. 
The evidence, therefore, supports finding of fact number 7.

Finding of fact number 10 provides: ADue to
insufficient revenues and the lack of air conditioning, Mr. Broussard closed
the Billiard Emporium in June of 2000.@  This finding is
supported by the testimony of Meneses as well as Broussard=s own testimony at
trial.  Broussard testified that inadequate air conditioning at the leased
premises caused Billiard Emporium to lose customers.  Regarding the date on
which Billiard Emporium stopped doing business, Broussard gave the following
testimony:

[The Court]: Mr. Meneses testified
yesterday that you told him that the business was closing.  You closed the
business, at least the Billiard Emporium was closed down, at the end of June,
2000?

[Broussard]: I had no more
customers.

*   *   *








[The Court]: The last payment that
you made to [Mr. Daniels] was in August of >99, and you closed the Billiard Emporium for customer
business at the end of June 2000?

[Broussard]: To be
perfectly honest with you, I stayed on over there because I was sleeping there
and trying to get my stuff going; but I stopped selling beer there, I think it
was, in June.  I don=t think I opened for July.  

Finding of fact number 8 provides: AMr. Broussard
testified that he was previously offered $20,000.00[] to terminate the lease
prematurely and he refused that offer.  Mr. Broussard then, in June of 2000
attempted to negotiate a Lease Termination Agreement for $20,000.00 (Ex. 51
& 50-A) but [his] proposal was not agreed to by Mr. Daniels.@  This finding of
fact is also supported by Broussard=s testimony at
trial.  Broussard testified that Daniels Aoffered me $20,000
to terminate the lease because he had somebody that he said wanted to move in
there.@  Broussard
testified he initially rejected Daniels= offer, but later
contacted Daniels and attempted to accept the offer.  Broussard introduced into
evidence an audiotape of a telephone conversation between Broussard and Daniels
in which Broussard attempted to revive Daniels= previous offer. 
During the telephone conversation, Broussard stated, AI=m going to have to
take you up on that offer when you offered me that twenty grand. . . . I=m going to need
that money up front.  I=m going to have to use B you and my
attorney are going to have to discuss it and get it done, so you=re talking about
July and August to get the hell out of here.@  

We have reviewed the entire record in this case.  We
conclude that findings of fact numbers 7, 8, and 10 are supported by sufficient
evidence and are not so contrary to the overwhelming weight of the evidence as
to be manifestly wrong.  See Perna, 162 S.W.3d at 656.  Broussard=s first issue is
overruled. 

II.
Conclusions of Law








In his second issue, Broussard contends the trial court=s conclusions of
law are erroneous.  Broussard=s entire argument regarding this issue
consists of the following statement: AThe Court=s Conclusions of
Law are Drawn from the Court=s erroneous Findings of Fact and their
correctness is challenged.@  The trial court issued nine conclusions
of law.  After careful review of Broussard=s appellate brief,
we are unable to determine which of the trial court=s conclusions of
law he is challenging or the bases for his complaints.  We liberally construe
pro se pleadings and briefs; however, we hold pro se litigants to the same
standards as licensed attorneys and require them to comply with applicable laws
and rules of procedure.  Mansfield State Bank v. Cohn, 573 S.W.2d 181,
184B85 (Tex. 1978). 
Broussard has failed to provide Aa clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record.@  Tex. R. App. P. 38.1(h).  Therefore, we conclude Broussard=s second issue has
not been adequately briefed and is waived.  Id. 

III.
Motion for New Trial

In his third issue, Broussard claims the trial court erred
in denying his motion for new trial.  Brousard timely filed a motion for trial
which was overruled by operation of law.  We review a trial court=s ruling on a
motion for new trial under an abuse-of-discretion standard.  Director, State
Employees Workers= Comp. Div. v. Evans, 889 S.W.2d 266,
268 (Tex. 1994).  When reviewing a trial court=s denial of a
motion for new trial, every reasonable presumption will be made in favor of the
court=s ruling.  Ferguson
v. Globe-Texas Co., 35 S.W.3d 688, 690 (Tex. App.CAmarillo 2000, pet
denied).








Broussard makes two arguments in his motion for new trial. 
First, Broussard claims statements made by the trial judge during the hearing
on Daniels= motion for summary judgment misled Broussard to
believe that the limitations period on his breach-of-contract claim would not
be an issue at trial.[3] 
During the summary judgment hearing, the trial court stated, ASeems like he
filed suit within the four years for those things that are four years statute
of limitations.  What we have got here is a fraud cause of action and a breach
of contract and then a wrongful eviction.@  The trial court commented that the
four-year limitations period on Broussard=s wrongful eviction claim could not
have expired because that cause of action accrued in August of 2000 when
Broussard was evicted, and Broussard filed suit on July 30, 2004.[4]  However, the trial court made no
definitive rulings or comments regarding the beginning of the limitations
period for Broussard=s breach-of-contract claim.  The
defendants continued to assert limitations as a defense to Broussard=s claims.
Broussard=s misunderstanding of the trial court=s comments at the
summary judgment hearing is of no consequence.  Further, the trial court=s denial of
Daniels= motion for
summary judgment on his limitations defense to Broussard=s
breach-of-contract claim did not preclude Daniels from asserting that defense
at trial.  See Tex. R. Civ. P. 166a(c).
As a pro se litigant, Broussard was responsible for understanding the relevant
procedural rules.  See Mansfield State Bank, 573 S.W.2d at 184B85.    

Broussard=s second argument in his motion for new
trial relates to alleged false testimony given by Broussard and Meneses at
trial regarding the date on which the Billiard Emporium stopped doing
business.  Broussard claims that he and Meneses both mistakenly testified that
the Billiard Emporium closed at the end of June, 2000 when, in fact, the 
Billiard Emporium continued to do business until July 31, 2000.  Therefore,
Broussard contends, the statute of limitations on his breach-of-contract claim
had not expired at the time he filed suit and he should be granted a new
trial.    








The affidavits of Broussard and Meneses are attached to
Broussard=s motion for new trial. In his affidavit, Meneses
testified that Athe business of The Billiard Emporium for
bookkeeping purposes stopped its operation as of July 31, 2000 and not June 30,
2000 as I have testified in Court.@  Broussard
testified in his affidavit that he mistakenly testified at trial as to the date
on which another one of his business, the Hispanos Club, closed.  In his
affidavit, Broussard testified the Billiard Emporium=s last day of
business was July 29, 2000.  However, based on the clear and unambiguous
testimony given by Broussard at trial and quoted above, we cannot say that the
trial court abused its discretion by denying Broussard=s motion for new
trial based upon allegedly erroneous or conflicting testimony given at trial.








Also attached to Broussard=s motion for new
trial are verified copies of Texas Alcoholic Beverage Commission inventory
forms for the Billiard Emporium and Hispanos Club, and a sales tax report for
the Billiard Emporium.  None of these documents were introduced into evidence
at trial.  A party may not rely on new evidence in a motion for new trial
without showing that the evidence was newly discovered and could not have been
discovered through due diligence prior to trial .  Fantasy Ranch, Inc. v.
City of Arlington, 193 S.W.3d 605, 615 (Tex. App.CFort Worth 2006,
pet. denied);  McMahan v. Greenwood, 108 S.W.3d 467, 500 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied).  Broussard does not argue, either in his motion or
his appellate brief, that the evidence attached to his motion for new trial was
newly discovered and could not have been discovered prior to trial.  See
Fantasay Ranch, Inc., 193 S.W.3d at 615.  Our review of the inventory forms
and sales tax report shows that each of these documents was prepared and signed
by Broussard at least four years prior to the date of trial.[5] 
Therefore, even if Broussard would have made the requisite allegations of newly
discovered evidence as grounds for a new trial, the trial court  would not have
abused its discretion in refusing to consider this evidence.                  

Based on our review of the motion for new trial and the
record as a whole, we conclude the trial court did not abuse its discretion in
denying Broussard=s motion for new trial.  Broussard=s third issue is
overruled.     

IV.
Motion to Reinstate

In his fourth issue, Broussard claims the trial court erred
in denying his motion to reinstate.  Broussard=s appellate brief
contains no arguments regarding this issue aside from his statement that a A[t]rial court has
no discretion in determining whether to set an oral hearing on a timely motion
to reinstate that requests a hearing.@  Broussard has
failed to adequately brief this issue and presents nothing for our review.  See
Tex. R. App. P. 38.1(h). 
Therefore, we conclude Broussard=s fourth issue is
waived.  Id. 

                                                          Conclusion

Having overruled each of appellant=s issues, we
affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 16, 2007.

Panel consists of
Justices Anderson, Fowler, and Frost.

 

 









[1]  Appellees did not file an appellate brief.





[2]  While the trial court=s erroneous finding as to the date on which the statute of limitations
began to run does not impact our decision, we note that the date on which the
Billiard Emporium stopped doing business was not the date on which the statute
of limitations on Broussard=s
breach-of-contract claim actually began to run.  See Barker v. Eckman,
213 S.W.3d 306, 311 (Tex. 2006) (noting general rule that a breach-of-contract
action accrues immediately upon breach, and the limitations period begins to
run upon accrual of the cause of action). Rather, the limitations period on
Broussard=s breach-of-contract claim began to run when Daniels
breached the lease by failing to replace the air conditioning units.  See
id. 





[3]  Broussard=s motion for new trial provides:

 

AThe Defendants pled Statute of Limitations and the Court told the
Defendants that he was denying their Motion for Summary [judgment] because the
Plaintiff had pled breach of lease along with wrongful eviction and that the
Plaintiff was injured after being evicted after the signing of the eviction
order by the Judge Doyle of Pct. #5 and that is when limitations began to run
(the preceding statements are not the exact words of the Court, but that which
the Plaintiff was able to glean from the Court=s denial of the Defendants[=] Motion for Summary Judgment). 
Following the Court=s pronouncement of trial, Plaintiff
never thought of producing any evidence that would be relevant to the Statute
of Limitation because the Court=s grounds for denying Defendants[=] Motion for Summary Judgment on Limitations.@





[4]  At the conclusion of the trial on the merits, the
trial court ruled that Broussard failed to prove his cause of action for
wrongful eviction.  





[5]   For example,
the sales tax report for the Billiard Emporium for the month ending July 31,
2000 shows that the gross taxable revenue from alcohol sales at that location
was $879.  The report is signed by Broussard and his signature is dated A7-20-00.@  Furthermore, even if we were to
consider this evidence in our analysis, the sales tax report does not establish
that Broussard=s breach of contract claim accrued less
than four years prior to the time he filed suit.