In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00398-CV


____________________



CONSTANCE LAURA BORDAGES FREUDEN, Appellant



V.



HIBERNIA NATIONAL BANK IN ITS CAPACITY AS THE TRUSTEE


OF THE MARIA B. BORDAGES REAL ESTATE TRUST, Appellee


 




On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. B-176,222






MEMORANDUM OPINION



 This is an appeal from a summary judgment in favor of the trustee of a testamentary
trust in a breach of fiduciary duty case. Appellant Constance Laura Bordages Freuden raises
four issues for our consideration. We affirm.

Background


 The will of the testatrix, Maria Bordages, was admitted to probate on August 16,
1994. Maria acknowledged in her will that she had thirteen children, and that her son,
Phillip, had predeceased her on November 17, 1973. On October 8, 1971, Phillip had
adopted Freuden and her brother, Sidney, both of whom were his wife's biological children
from a former marriage. Freuden was six years old when Phillip adopted her. In addition,
Phillip also had two biological children, Thomas and Claire. In Article IV of her will, Maria
stated that Phillip "was survived by a son, Thomas, and a daughter, Claire, who are living at
the date of execution of this will." Maria did not mention Freuden in Article IV. In Article
VII, Maria created a trust consisting of certain real property and interests in real property. 
In her will, Maria indicated that the trustee was to allocate a portion

 for each of my children named in Article IV hereof who is living at the time
of my death. In the event that any child of mine named in Article IV
(including without limitation my deceased son, Phillip) shall predecease me
but shall leave issue who survive me, then the portion of the Trust which
would have been divided for and allocated to the deceased child had he or she
survived me shall be divided for and allocated to the then living issue of the
deceased child, per stirpes.


The trust was to terminate upon the last sale, transfer, or other disposition by the trustee of 
all or substantially all of certain specified pieces of real property. Article XVIII of Maria's
will provided as follows: "Wherever used herein, the words 'issue' and 'heirs' shall include
children legally adopted when under the age of eight (8) years."

 The trustee did not make distributions to Freuden, and Freuden filed suit against the
trustee for breach of fiduciary duty on August 25, 2004. In its answer, the trustee-appellee
asserted the affirmative defense of limitations. The trustee subsequently filed a traditional
motion for summary judgment, in which it contended that Freuden's claim was barred by the
four-year statute of limitations, and that Freuden was not a beneficiary of the trust under the
terms of the will.

 In her response to the motion, Freuden asserted that her claim was not barred by
limitations because she did not discover the trustee's alleged wrongdoing more than four
years before filing suit, and that because she fit the definition of "issue" in Article XVIII of
Maria's will, she was a beneficiary of the trust. Specifically, with respect to the limitations
issue, Freuden argued that the issue of when she knew or should have known of the trustee's
alleged bad acts involved an inherently factual inquiry; that her duty of inquiry was "relaxed"
due to the existence of a fiduciary relationship; that the trustee failed to conclusively
establish when its bad acts occurred; that the trustee failed to conclusively establish that she
knew or should have known of the alleged breach of fiduciary duty more than four years
before she filed suit; that each breach of fiduciary duty gave rise "to a new and separate cause
of action, with a new statute of limitations"; and that her cause of action did not accrue until
she knew or should have known of the trustee's alleged breaches of its fiduciary duty. With
respect to the will construction issue, Freuden asserted that the will was "at least ambiguous"
as to whether she is a beneficiary of the trust, thereby creating a fact issue, and she also
asserted that she was a beneficiary pursuant to the definition of "issue" in Article XVIII.

 After conducting a hearing, the trial court signed an order granting the trustee's
motion for summary judgment. The trial court's order did not indicate the basis upon which
the court granted summary judgment. After the trial court subsequently dismissed the cross
claims and entered a final judgment, Freuden filed this appeal.

Standard of Review


 We review summary judgment orders de novo. Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for traditional summary
judgment bears the burden of showing that no genuine issue of material fact exists and that
it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). If the moving party produces evidence
entitling it to summary judgment, the burden shifts to the nonmovant to present evidence that
raises a material fact issue. Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). In deciding
whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true. Nixon, 690 S.W.2d at 548-49. Every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved
in her favor. Id. An appellate court may affirm a summary judgment on any ground the
movant presented in its motion for summary judgment, regardless of whether the trial court
identified the ground it relied upon in granting summary judgment. See Cincinnati Life Ins.
Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996).

Issues One and Three


 In issues one and three, Freuden contends that the trial court erred in granting the
trustee's motion for summary judgment, and that the question of when she should have
discovered the pertinent records is a fact issue that precludes summary judgment. We
address these issues together.

 The statute of limitations for a claim for breach of fiduciary duty is four years from
the day the cause of action accrued. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(5)
(Vernon 2002). The discovery rule defers the accrual of a cause of action until the plaintiff
knows, or by exercising reasonable diligence, should know of the facts giving rise to the
claim. Barker v. Eckman, 213 S.W.3d 306, 311-12 (Tex. 2006). For the discovery rule to
apply, the injury must be inherently undiscoverable and objectively verifiable. Id. at 312; Via
Net v. TIG Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006). Injuries that arise from a breach of
fiduciary duty are generally considered inherently undiscoverable. S.V. v. R.V., 933 S.W.2d
1, 8 (Tex. 1996); Computer Assocs. Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453, 456 (Tex.
1996). However, once the fiduciary's misconduct becomes apparent, the claimant cannot
ignore it, regardless of the fiduciary nature of the relationship. S.V., 933 S.W.2d at 8; see
also Computer Assocs., 918 S.W.2d at 456.

 "Persons interested in an estate admitted to probate are charged with notice of the
contents of the probate records." Mooney v. Harlin, 622 S.W.2d 83, 85 (Tex. 1981) (citation
omitted). Freuden admits that she had constructive notice of the contents of Maria's will. 
Therefore, the question before us is when Freuden knew or should have known of the
trustee's alleged breach of fiduciary duty. See Barker, 213 S.W.3d at 311. The trustee
attached to its motion for summary judgment excerpts from Freuden's deposition. Said
excerpts contain Freuden's testimony that she was aware of Maria's death in 1994 and
attended her funeral. In addition, the excerpts contain Freuden's testimony that "[p]erhaps
within a year or so" after Maria's death, Freuden's mother told Freuden that her younger
brother and sister "had inherited some money." Freuden testified that shortly after her
siblings began receiving an inheritance, she had "a passing thought" about whether she was
a beneficiary under the will.

 Freuden's testimony, coupled with the fact that she had constructive notice that she
fit the will's definition of "issue," and that the will had created a trust for the benefit of
Maria's children and their issue, establishes that Freuden knew or should have known of the
trustee's alleged wrongdoing within a year after Maria's will was probated. See Barker, 213
S.W.3d at 311-12; S.V., 933 S.W.2d at 8; Computer Assocs., 918 S.W.2d at 456; Mooney,
622 S.W.2d at 85. We reject Freuden's contention that each alleged breach of fiduciary duty
by the trustee in failing to make distributions to her "gave rise to a new and separate cause
of action, with a new statute of limitations." As support for said argument, Freuden cites
Schneider Nat'l Carriers, Inc. v. Bates, 147 S.W.3d 264, 279-80 (Tex. 2004), Pollack v.
Pollack, 39 S.W.2d 853, 854-55 (Tex. Comm'n App. 1931, holding approved), Tex. Disposal
Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc., 219 S.W.3d 563, 586-87 (Tex. App.--Austin 2007, pet. denied), and Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson
Improvement Corp., 53 S.W.3d 799, 812 (Tex. App.--Austin 2001, pet. denied). However,
the cases cited by Freuden are distinguishable and inapposite.

 In Bates, a nuisance case, the Supreme Court noted that "an old nuisance does not
excuse a new and different one" and held that a new limitations period begins when the
nature of a nuisance has "substantially changed." Bates, 147 S.W.3d at 279-80. In this case,
the alleged breach of fiduciary has not substantially changed; rather, it arises from the
trustee's failure to acknowledge Freuden as a beneficiary. Pollack involved a contract
between two brothers to divide their interests in real property, and the contract provided that
one brother was to make monthly payments to the other. Pollack, 39 S.W.2d at 853-54. The
court held that the statute of limitations began to run as to each payment on its due date. Id.
at 855. The case sub judice does not involve a contractual obligation on the part of the
trustee to make payments to the beneficiaries. Texas Disposal Systems Landfill was a
defamation case that involved different instances of alleged defamation that were
communicated to different audiences, and the court held that each communication was a
distinct tort with its own statute of limitations. Tex. Disposal Sys. Landfill, 219 S.W.3d at
569, 585-88. The case at bar does not involve such multiple instances of tortious conduct. 
In this case, the nature of the alleged breach of fiduciary duty by failing to include Freuden
as a beneficiary of the trust has not changed. Horseshoe Bay Resort Sales involved
trademark infringement, and the court held that each day that the infringement was repeated
gave rise to a new cause of action. Horseshoe Bay, 53 S.W.3d at 804, 812-13. Unlike the
circumstances presented in Horshoe, Freuden's claims arise from the trustee's omission of
her as a beneficiary of the trust. Therefore, the statute of limitations began to run when
Freuden knew or should have known of the will's contents and knew that although her
younger siblings were receiving payments, she was not. Each distribution by the trustee to
the beneficiaries did not create a separate cause of action and a new statute of limitations for
Freuden.

 Freuden did not file suit until August 25, 2004. Therefore, the trial court did not err
by granting summary judgment on the basis of limitations. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.004(a)(5); Barker, 213 S.W.3d at 311. We need not reach Freuden's
remaining issues. (1) We overrule issues one and three and affirm the trial court's judgment.

 AFFIRMED.



 

 STEVE McKEITHEN 

 Chief Justice


Submitted on June 8, 2009

Opinion Delivered July 16, 2009

Before McKeithen, C.J., Gaultney and Kreger, JJ.



 Concurring Opinion


 The intent of the testator is determined by looking to the provisions of the will as a
whole. Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio, N.A., 748 S.W.2d 218,
220 (Tex. 1988). Specific provisions of a will control over a general statement. Stanley v.
Henderson, 162 S.W.2d 95, 97 (Tex. 1942). The will specifically names the children of the
testator's deceased son. Appellant's silence over many years would ordinarily be understood
as agreement with the construction of the will followed by the trustee. See Beaty v. Bales,
677 S.W.2d 750, 756 (Tex. App.--San Antonio 1984, writ ref'd n.r.e.); Burnett v. First Nat'l
Bank of Waco, 536 S.W.2d 600, 603-05 (Tex. Civ. App.--Eastland 1976, writ ref'd n.r.e.). 
I concur in the Court's judgment because as a matter of law appellant's acquiescence in that
construction precludes her contrary assertion. 

 ____________________________

 DAVID GAULTNEY

 Justice


Concurrence Delivered 

July 16, 2009
1. Issue two concerns Freuden's contention that she was a beneficiary under the will
because she fit the definition of "issue." The allegedly objectionable summary judgment
evidence of which Freuden complains in issue four was not necessary for the trial court to
determine the issue of limitations; rather, the affidavits in question pertained to the issue of
the construction of Maria's will. Because of our resolution of issues one and three, we need
not address issues two and four.