# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00421-CV

**Derrit DeRouen, Appellant**

**v.**

**William Ross Bryan, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### CAUSE NO. D-1-GN-10-002655, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Derrit DeRouen appeals a summary judgment rendered in favor of William Ross Bryan, trustee for the Bryan Trust. DeRouen, a beneficiary under the trust, contends that the trial court erred in granting summary judgment in his suit alleging that (1) Bryan wrongfully distributed trust funds to a non-beneficiary and (2) failed to take legal action to recover the trust funds. We affirm the judgment of the trial court.

## BACKGROUND

In 1998 Mary Sue Bryan established a family trust for the benefit of her five grandchildren, one of whom is DeRouen. Bryan, son of Mary Sue Bryan and uncle to DeRouen, was named as the sole trustee of the Bryan Trust. In his role as trustee, Bryan caused three distributions to be made from DeRouen's portion of the trust funds. It is these distributions that are the subject of the suit underlying this appeal.

According to DeRouen, Bryan wrongfully authorized all three distributions to a non-beneficiary under the trust, namely Angela, DeRouen's wife at the time of the distributions.[1]  The first distribution, in the amount of $8,000, occurred in October 2002.  The parties dispute whether the request to Bryan for the distribution was made by DeRouen or Angela.  However, it is undisputed that a check for $8,000 from the trust funds, made payable solely to DeRouen, was mailed to DeRouen's home address.  The check was then endorsed "Derrit DeRouen" and deposited into DeRouen and Angela's personal joint bank account.

In April 2003, Angela contacted Bryan by e-mail and informed him that DeRouen wished to receive a second distribution from the Bryan Trust.  Bryan then received a written request for the $12,000 distribution that was signed "Derrit DeRouen."  Similarly, in March 2004, a third request was made to Bryan for a distribution of the balance of DeRouen's portion of the trust funds, $29,000.  Again, a written letter requesting the funds, signed "Derrit DeRouen," was forwarded to Bryan.  In response to each request, a check made payable to "Derrit DeRouen" was mailed to DeRouen's home address.  Both checks were subsequently endorsed and deposited in DeRouen's joint account.

On August 2, 2010, DeRouen filed suit against Bryan based on the three distributions.  According to DeRouen, all of the distributions were requested by Angela and any written request appearing to be signed by DeRouen was in fact forged by Angela.  Further, DeRouen alleges that Angela took the checks from the mail, forged his signature, deposited the checks, and spent the

---

[1] Because appellant and his ex-wife share the same last name, we will refer to Angela DeRouen by her first name for clarity.

2

funds. DeRouen contends that he did not learn of the distributions and Angela's misconduct until the couple divorced in 2008.[2] DeRouen claims that Bryan breached his fiduciary duties as a trustee by allowing distributions to be made to a non-beneficiary and by subsequently refusing to take legal action to recover the trust funds. According to DeRouen, if "Bryan had insisted that he talk with him to ascertain his intentions, as was his fiduciary duty and his normal procedure with other beneficiaries, he would have discovered that the withdrawal request was fraudulent." Based on these same allegations, DeRouen has also brought claims against Bryan for common-law negligence and breach of contract.

On February 25, 2011, Bryan filed a traditional and no-evidence motion for summary judgment on all of DeRouen's claims. In his motion, Bryan argues that he is entitled to final, traditional summary judgment on three grounds: (1) any damages allegedly sustained by DeRouen were not causally related to the alleged breaches; (2) DeRouen received legal possession of the three trust distributions and, as such, has sustained no damage for any alleged breach of fiduciary duty, negligence duty, or contract; and (3) DeRouen's claims are time-barred. In addition, Bryan argues that he is entitled to a no-evidence summary judgment because DeRouen cannot produce competent evidence demonstrating (1) breach of any fiduciary duty, (2) breach of any negligence duty, (3) breach of any contractual obligation imposed by the Bryan Trust, or (4) damages caused by any alleged breach of duty. The trial court granted Bryan's motion for summary judgment.

On appeal, DeRouen claims that the trial court erred in granting Bryan's motion for summary judgment because (1) the record shows that Bryan breached his fiduciary duties,

---

[2] DeRouen released any claims he had against Angela relating to this alleged misconduct in the settlement of their divorce.

3

(2) DeRouen was damaged by Bryan's wrongful distributions of his trust benefits, and (3) his claims are not barred by statute of limitations. Because DeRouen does not challenge the summary-judgment ground that there is no evidence demonstrating a breach of any negligence duty, we must affirm the trial court's grant of summary judgment with regard to DeRouen's negligence claim. *See* Tex. R. App. P. 38.1; *see also Jack v. Holiday World of Houston*, 262 S.W.3d 42, 49-50 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (noting that when multiple grounds for summary judgment are raised and trial court does not state reasons for its ruling, appellant must assign error to each independent ground). Thus, the sole issue on appeal is whether the trial court erred in granting summary judgment on DeRouen's claims for breach of contract and breach of fiduciary duty.

## STANDARD OF REVIEW

We review a trial court's summary-judgment ruling de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A movant is entitled to traditional summary judgment if (1) there are no genuine issues of material fact, and (2) he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant is entitled to no-evidence summary judgment if an adverse party presents no evidence of one or more essential elements of its claim or defense. *Id*. When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[3] *Id*.

When, as here, the trial court's order granting summary judgment does not specify the grounds relied upon, the appellant must show that each independent ground asserted in the

---

[3] Bryan has objected to portions of DeRouen's appellate brief on grounds that it cites to evidence outside the appellate record. Because this evidence was subsequently included in the clerk's supplemental record on appeal, we overrule these objections. *See* Tex. R. App. P. 34.5(c).

motion is insufficient to support summary judgment. *See Pickett v. Texas Mut. Ins. Co.*, 239 S.W.3d 826, 840 (Tex. App.—Austin 2007, no pet.) ("When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion."). Accordingly, we will affirm the summary judgment if any ground advanced in Bryan's summary-judgment motion is meritorious. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 686, 872-73 (Tex. 2000).

We will first consider whether DeRouen's claims are barred by limitations. A party moving for summary judgment on the basis of limitations must conclusively establish that defense. *See Diversicare Gen. Partner Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). If the discovery rule applies and has been raised by the nonmovant, the movant must negate the discovery rule, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

## DISCUSSION

A statute of limitations is a procedural device operating as a defense to limit the remedy available from an existing cause of action and begins to run when a cause of action accrues. *See Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App.—Austin 2004, no pet.). Claims for breach of fiduciary duty and breach of contract are subject to a four-year limitations period. Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 2002), § 16.051 (West 2008). Because DeRouen filed his lawsuit on August 2, 2010, his claims are time-barred if they accrued before August 2006. A cause of action generally accrues when a wrongful act causes some legal injury, regardless of when

5

the plaintiff learns of that injury or if all resulting damages have yet to accrue. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006). The trust distributions that are the basis of DeRouen's alleged injury occurred in October 2002, April 2003, and March 2004. Thus, DeRouen's breach-of-fiduciary-duty claim and breach-of-contract claim based on improper distributions are time-barred unless there is some basis for tolling the limitations period.

DeRouen contends that the discovery rule applies and tolls his claims until 2008, when he first became aware of Angela's wrongdoing. In order for the discovery rule to apply, the nature of the injury itself must be inherently undiscoverable and the injury itself must be objectively verifiable. *See Barker v. Eckman*, 213 S.W.3d 306, 311-312 (Tex. 2006). When applicable, the discovery rule tolls limitations such that it does not begin to run until the plaintiff knew or should have known, in the exercise of reasonable diligence, of the facts giving rise to the cause of action. *See id*. The focus of the rule is the character of the injury giving rise to the claim, not any wrongdoing on the part of the defendant to conceal the injury. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). Thus, once the requirements of the discovery rule are satisfied, limitations commences even if the plaintiff does not know the exact identity of the wrongdoer. Assuming that the discovery rule applies here, upon review of the summary-judgment record, we conclude that DeRouen's claims based on wrongful distributions are nevertheless barred by limitations. *See S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996) (noting that fiduciary misconduct is considered inherently undiscoverable).

In this case, DeRouen asserts that as a result of Bryan's wrongful distributions, he was deprived of his separate property, and he seeks damages equal to the total amount of the three

distributions. However, the undisputed summary-judgment evidence is that each distribution check was mailed to DeRouen's home address and that the funds were deposited in his personal bank account.[4] While DeRouen claims he did not acquire actual knowledge about the distributions until 2008, had he exercised reasonable diligence in handling his personal affairs, DeRouen would have discovered the distributions sooner. Accordingly, based on the undisputed evidence, DeRouen should have discovered his wrongful injury no later than 2004. *See PPG Indus. v. JMB/Houston Ctrs. Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004) ("[T]he discovery rule does not linger until a claimant learns of actual causes and possible cures. Instead, it tolls limitations only until a claimant learns of a wrongful injury."). Because there is no genuine issue of material fact about when DeRouen should have discovered the nature of his injury, the trial court did not err in granting summary judgment on DeRouen's breach-of-fiduciary-duty claim and breach-of-contract claim with respect to the three distributions.

DeRouen contends that even if his claim regarding the improper distributions is barred by limitations, his claim regarding Bryan's refusal in 2009 to take legal action against Angela on behalf of the Bryan Trust is not. DeRouen contends that this refusal "is a clear violation of [Bryan's] duties as trustee." We disagree. Even if DeRouen's claim regarding Bryan's refusal is not barred by limitations, the trial court did not err in granting summary judgment on this claim.

---

[4] In his deposition, attached to Bryan's motion as summary-judgment evidence, DeRouen confirmed his home addresses at the time of the distributions. The undisputed summary-judgment evidence shows that the distribution checks were mailed by the brokerage house to these addresses. The summary-judgment record also includes a bank account statement for DeRouen and Angela's personal bank account for the month of April 2004. This statement reflects a deposit of $29,000.00 made on April 4, 2004, causing the account balance to increase from $962.09 to $29,962.09.

7

Under the Texas Trust Code, a trustee generally has the power to compromise, contest, arbitrate, or settle claims of or against the trust estate. Tex. Prop. Code Ann. § 113.019 (West 2007). Similarly, the Bryan Trust document specifies that the trustee has the power to "commence, compromise, settle, arbitrate, or defend at the expense of the Trust any litigation with respect to the Trust as the Trustee deems necessary or advisable." Thus, under the Texas Trust Code and the terms of the Bryan Trust, Bryan was authorized, but not required, to pursue litigation against Angela. Absent bad faith or an abuse of discretion, Bryan can not be held liable for his refusing to do so. *See Corpus Christi Bank & Trust v. Roberts*, 597 S.W.2d 752, 754 (Tex. 1980) (explaining that trustee's authority under Texas Trust Act and terms of trust was discretionary and subject to review only for abuse of discretion); *see also* Tex. Prop. Code Ann. § 113.051 (West 2007) ("The trustee shall administer the trust in good faith according to its terms and [the Texas Trust Code].").

DeRouen does not contend, either in his response to the motion for summary judgment or now in this appeal, that Bryan's decision not to pursue litigation was in bad faith or an abuse of discretion. Further, the summary-judgment record in this case would not support such a finding. In response to Bryan's motion for summary judgment, DeRouen included his affidavit as summary-judgment evidence. In relevant part, DeRouen states in his affidavit:

> In December 2009, Bryan finally agreed to meet with me in person. Bryan acknowledged that the Trust funds had been improperly disbursed to a non-beneficiary. Bryan admitted that the first withdrawal had been made solely in response to a telephone call from Angela DeRouen. I shared with Bryan the other actions that Angela DeRouen had secretly taken and the horrible financial problems she caused me. I asked Bryan to take legal action on behalf of the Trust to recover the Trust funds he had improperly disbursed. Bryan stated that he would consider doing so and the meeting ended.

While this constitutes evidence that Bryan refused to take legal action to recover the funds, it fails to raise a fact issue with regard to whether Bryan acted in bad faith or abused his discretion in doing so. *See Caldwell v. River Oaks Trust Co.*, No. 01-94-00273-CV, 1996 Tex. App. LEXIS 1798, at \*12 (Tex. App.—Houston [1st Dist.] May 2, 1996, writ denied) (mem. op., not designated for publication) (noting that power "is considered discretionary if the trustee may decide whether to exercise it or not" and that summary-judgment evidence reflected that trustee's decision was "neither arbitrary nor capricious"). Instead, Bryan's deposition testimony, also attached to DeRouen's response to the motion for summary judgment, was that Bryan made the decision not to pursue litigation against Angela after considering the advice of counsel, his discussions with the trustor, and the potential cost of the litigation. Because there is no evidence that Bryan acted in bad faith or abused his discretion, the trial court did not err in granting summary judgment on DeRouen's breach-of-fiduciary duty claim and breach-of-contract claim based on Bryan's refusal to take legal action.

DeRouen's claims regarding Bryan's allegedly wrongful distribution of trust funds are barred by limitations. Similarly, there is no evidence to support DeRouen's claims based on Bryan's refusal to pursue litigation to recover the funds. Consequently, the trial court did not err in granting summary judgment on DeRouen's claims for breach of fiduciary duty and breach of contract. We overrule DeRouen's sole issue on appeal.[5]

---

[5] Bryan also moved for traditional summary judgment on grounds that (1) he is not liable for attorney's fees and costs, *see* Tex. Civ. Prac. & Rem. Code § 37.009 (West 2008), (2) he is not liable to DeRouen for exemplary damages, (3) he was entitled to recover attorneys fees and costs expended in the defense of this action from the *res* of the Bryan Trust. Because the first two grounds would only entitle Bryan to partial summary judgment, and we have concluded that the trial court did not err in granting final summary judgment, we need not consider these first two issues on appeal. *See* Tex. R. App. P. 47.1. With regard to the third issue, DeRouen asserts that "at every turn, he has

**CONCLUSION**

We affirm the trial court's summary judgment in favor of Bryan.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Affirm

Filed: October 12, 2012

---

argued that . . . Bryan was not entitled to recover attorneys' fees from the *res* of the trust." Because DeRouen provides no supporting arguments, authorities, or citation to the record with regard to this argument, he has failed to preserve this argument for appeal. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record).