Vernon R. YOUNG, Jr., Petitioner,

v.

Lewis QUALLS, Respondent.

No. 05–1091.

Supreme Court of Texas.

May 4, 2007.

---

H. Miles Cohn, Sheiness Scott Grossman & Cohn, L.L.P., Houston, Donald David Hearne Jr., Fenely & Bate, LLP, Lufkin, for Petitioner.

Donald W. Cothern, Ralph E. Allen, Deborah J. Race, Ireland Carroll & Kelley, P.C., Tyler, for Respondent.

PER CURIAM.

Lewis Qualls sued Vernon Young for breach of their partnership agreement after Young instructed Qualls to vacate the property they were developing together for sale. The jury found that Young breached the partnership agreement and awarded Qualls $142,550 in damages. Pursuant to the parties' agreement to submit the question of attorney's fees to the court for determination, the judge awarded Qualls $46,331.86 in attorney's fees. The court of appeals affirmed the jury's liability finding, but determined that the evidence supporting the jury's damage award was factually insufficient. —— S.W.3d ——, 2005 WL 2254999. The court suggested a remittitur reducing the damage award to $54,751.50, and Qualls agreed to the reduction. *Id.* Because we cannot tell whether the erroneous damages award affected the trial court's determination of attorney's fees, we reverse in part the court of appeals' judgment and remand this case for a new trial on attorney's fees in accordance with our recent decision in *Barker v. Eckman,* 213 S.W.3d 306 (Tex. 2006).

In 1994, Young and Qualls engaged in a real estate development project in which Young provided the financing to purchase a 75–acre tract of land, and Qualls agreed to develop the property into lots for sale. Although the parties had a written partnership agreement governing a prior pro-

ject, they relied on an oral agreement for this development. Qualls and Young originally anticipated that the property would be developed as a mobile home rental park, but after the purchase was completed they changed the deed restrictions to require use as a single-family residential subdivision. Qualls and his wife worked in an office on the site and cleared the property for development, and Young paid the costs associated with those activities.

By June 1996, no lots had been sold in the development. Young stopped paying the Quallses' bills and instructed them to vacate the property, which they did. Young then changed the deed restrictions again and converted the project back to a mobile home park. Two years later, Qualls filed this suit for breach of the partnership agreement.

At trial, Qualls presented evidence of acquisition and development costs incurred as of the time he was ousted, and Qualls' expert testified to the property's market value at the time of trial. The court of appeals held that the record would support an award under Qualls's damage theory of no more than $54,751.50. The court suggested a remittitur of the difference between this amount and the jury's $142,550 award, which Qualls accepted. —— S.W.3d at ——, 2005 WL 2254999, at *7.

■ Young contends the court of appeals improperly analyzed the damages evidence by failing to credit his testimony about additional liabilities incurred after Qualls vacated the property. According to Young, the court's determination that the jury was free to disregard his testimony because it was not clear, direct, and positive improperly placed the burden of proof on him to prove the partnership's fair value rather than on Qualls. We disagree. Young's testimony regarding additional liabilities incurred after Qualls vacated the property, though uncontested, was unsub-

stantiated and self-serving and thus evidence of the type a jury could disregard. *See City of Keller v. Wilson,* 168 S.W.3d 802, 811–12 (Tex.2005).

■ Young also contends that, in light of our decision in *Barker v. Eckman,* 213 S.W.3d 306, the reduction of damages resulting from the court of appeals' remittitur requires a new trial on attorney's fees. Qualls counters that Young affirmatively waived the issue, citing a statement in Young's motion for rehearing before the court of appeals that he did "not ask the Court to reconsider its rulings on interest or attorney's fees except to the extent that those awards would be eliminated or otherwise affected by a further reduction in damages." But this statement does not clearly reflect Young's intent to abandon his new-trial request, as the only issue the court of appeals had considered was the statutory basis for the fees, not their amount. —— S.W.3d at ——, 2005 WL 2254999, at *7. Under these circumstances, Young did not waive his right to seek a new trial on attorney's fees.

■ In *Barker,* we held that unless an appellate court is "reasonably certain that the jury was not significantly influenced by the erroneous amount of damages it considered," the issue of attorney's fees should be retried if the damages awarded are reduced on appeal. 213 S.W.3d at 314. Although attorney's fees in this case were awarded by the trial court rather than the jury, the factors governing their assessment are the same and include consideration of the "results obtained." *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997). Qualls argues a new trial on attorney's fees is not warranted because the parties stipulated that the trial court could set the amount of attorney's fees based upon the affidavits of counsel, and those affidavits

contain time records and testimony that support the trial court's award. It may be that, upon consideration of the correct results obtained, this evidence would be factually sufficient to support a like fee award. But taking into account the difference between the erroneous and correct amounts of damages, and the fact that the jury award was reduced by nearly two-thirds on appeal, we cannot be reasonably certain that the trial court was not significantly affected by the error. *Barker,* 213 S.W.3d at 314. Therefore, the case must be remanded to the trial court for a new trial on attorney's fees.

Accordingly, without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, we reverse the court of appeals' judgment on the issue of reasonable attorney's fees, and remand that part of the case to the trial court for further proceedings consistent with this opinion.

Justice JOHNSON did not participate in the decision.