Reversed and Remanded and Opinion filed October 25, 2007








   Reversed and
Remanded and Opinion filed
October 25, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01271-CV

____________

 

TRUDIE LYNNE BALTZER, Appellant

 

V.

 

LARRY RUIZ MEDINA, Appellee

 



 

On Appeal from the 310th
District Court

Harris County, Texas

Trial Court Cause No. 95-24669

 



 

O P I N I O N

A mother appeals the trial court=s order modifying
the primary conservatorship of her fifteen-year-old son.  She also challenges
the propriety of the trial court=s orders for
possession and visitation, as well as its award of attorney=s fees.  We
reverse and remand.

I.  Factual and Procedural
Background








Appellant Trudie Lynne Baltzer (hereinafter ALynne@) and appellee
Larry Medina (hereinafter ALarry@) were divorced
after eleven years of marriage.  Under the original divorce decree, Lynne and
Larry were named joint managing conservators of their two children, and, as to
the parties= child S.M., Lynne was given the following exclusive
rights and duties:

(1)     the right to establish his primary
residence, and

(2)     the right
to consent to medical, dental, and surgical treatment involving invasive
procedures and to consent to psychiatric and psychological treatment.[1]  


Both
Lynne and Larry remarried. 

After his parents= divorce and
following his mother=s re-marriage, S.M. lived with his mother,
step-father, and step-siblings in Katy, Texas.  On February 28, 2005, S.M. went
to visit a friend in the neighborhood.  During this visit, the Harris County
Constable=s Office was contacted because S.M. allegedly told his
friend and his friend=s parents that his Astep-dad had been
hitting him.@  The constable contacted both Lynne and Larry, and
told Larry that he could take possession of S.M., but that the child could not
return home.  Lynne stated that her husband had not hit S.M. on that night. 
She explained that S.M. Awas a little bit upset with us the night
he left,@ and she felt as
though S.M. were making the allegations so that he could live with his father,
whom Lynne stated was more lenient.

Soon after this incident, on March 4, 2005, Larry filed a
petition to modify the parent-child relationship and requested that he be given
the following exclusive rights: 

(1)     the right to establish the primary residence
of S.M.; and

(2)     the right to make decisions concerning S.M.=s education.[2] 









Larry
also asked the court to limit Lynne to only supervised visitation with the
child.  The trial court appointed an amicus attorney under Chapter 107 of the
Texas Family Code.  On August 2, 2005, the trial court issued a temporary order
that both parties remain as joint managing conservators, but named Larry as the
conservator with the temporary exclusive right to determine S.M.=s primary
residence.  The trial court also gave Larry the temporary exclusive right to
make educational decisions for the child.  

About six weeks later, the trial court conducted a bench
trial. Lynne, who appeared pro se,  made several requests for a continuance. 
No continuances were granted.  Larry and Lynne testified.  S.M. did not
testify, but the trial court admitted into evidence a document signed by S.M.,
in which S.M. states he prefers that Larry have the exclusive right to
determine S.M.=s primary residence.[3] 
The trial court signed a final order finding that Athe material
allegations in the petition to modify are true and a material and substantial
change has occurred since the last order and the requested modification is in
the best interest of the child.@  The court then signed an order (1)
removing Lynne as joint managing conservator of S.M., (2) appointing Larry as
sole managing conservator of S.M., and (3) appointing Lynne as possessory
conservator of S.M.  Under the trial court=s order, Larry now
has the exclusive right to (1) designate the primary residence of S.M., (2)
consent to medical, dental, and surgical treatment involving invasive
procedures and to consent to psychiatric and psychological treatment of S.M.,
and (3) make decisions concerning S.M.=s education.  The
trial court also found that credible evidence had been presented that Lynne had
Aa history or
pattern of physical abuse and/or neglect directed against S.M.@  The trial court
therefore ordered that all visitation between Lynne and S.M. is to be
supervised under the Harris County ASAFE Program.@   








The trial court assessed, as Achild support,@ $12,322.28 in
attorney=s fees in favor of
Larry and against Lynne.  Additionally, the trial court assessed as Achild support@  $7,143.75 in
attorney=s fees in favor of
the amicus attorney and against Larry.  However, the trial court simultaneously
ordered Lynne to reimburse Larry for the amount of $7,143.75 in attorney=s fees paid to the
amicus attorney.  Finally, Lynne was ordered to pay retroactive child support
to Larry in the amount of $1,200.   

II.  Issues and Analysis

A.      Did the
trial court reversibly err by failing to file findings of fact and conclusions
of law? 

In her first issue, Lynne contends the trial court
reversibly erred by failing to file findings of fact and conclusions of law. 
Lynne claims she cannot determine the trial court=s reasons for its
rulings in the final order. 

Lynne timely requested findings of fact and conclusions of
law after the trial court signed its order modifying the parent-child
relationship and awarding attorney=s fees as child
support.  See Tex. R. Civ. P. 296. 
The trial court failed to make findings or conclusions within the allotted
time, and Lynne timely filed a notice of past-due findings of fact and
conclusions of law.  No findings or conclusions were ever made. 








A trial court must file written findings of fact and
conclusions of law when timely requested by a party.  See Tex. R. Civ. P.  296, 297; Cherne
Indus. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989).  The trial court=s failure to
respond to a timely request constitutes error and is presumed harmful unless
the record affirmatively shows that the complaining party has suffered no
harm.  Id.  An appellant is harmed if there are two or more possible
grounds on which the court could have ruled and the appellant is left to guess
the basis of the trial court=s ruling.  Goggins v. Leo, 849
S.W.2d 373, 379 (Tex. App.CHouston [14th Dist.] 1993, no writ).  The
proper remedy in that situation is to abate the appeal and direct the trial
court to correct its error.  Zieba v. Martin, 928 S.W.2d 782, 786 (Tex.
App.CHouston [14th
Dist.] 1996, no pet.).  Lynne contends that she was harmed by the trial court=s failure to make
findings and conclusions because she has to guess as to why: (1) she was
removed as joint managing conservator and named only as a possessory
conservator of S.M.; (2) certain parental rights (such as healthcare and
educational decision making authority) were granted exclusively to Larry; and
(3) the trial court assessed all of the attorney=s fees against
Lynne and awarded them as Ain the nature of child support.@ 








Although the trial court did not set forth findings in a
separate document, the trial court erroneously included findings in its order
modifying the parentBchild relationship.  These findings have
probative value as long as they do not conflict with those in a separate
document.  See In re U.P., 105 S.W.3d 222, 229, n.3 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied).   In its final order, signed on September 27, 2005,
the trial court found that Athe material allegations in the petition
to modify are true and a material and substantial change has occurred since the
last order and the requested modification is in the best interest of the child.@   In addition,
the trial court=s order clearly reflects that it
considered the fact that S.M. (a child over twelve years)  prefers that Larry
have the exclusive right to determine S.M.=s primary
residence.  The trial court had the authority to modify the conservatorship
rights of S.M. upon a showing that it was in S.M.=s best interest
and that he had filed with the court, in writing, the name of the person whom
he preferred to have authority to determine his primary residence.  See Tex. Fam. Code Ann. ' 156.101(2)
(Vernon Supp. 2006).  Because there are no findings in a separate document that
conflict with the findings set out in the trial court=s order, these
findings will not be denied probative value.  See U.P., 105 S.W.3d at
229, n.3.  Thus, the trial court=s failure to enter
findings of fact or conclusions of law did not leave Lynne to guess the basis
for the trial court=s ruling and did not prevent her from
making a proper presentation of her case to this court.  See Tenery v.
Tenery, 932 S.W.2d 29, 30 (Tex. 1996) (finding trial court=s failure to issue
findings and conclusions to be harmless as it related to the division of
property because there was ample evidence in the record to support the
judgment).  Therefore, we conclude that the trial court=s error in failing
to file findings of fact and conclusions of law is harmless.  We overrule Lynne=s first issue. 

B.      Did the trial court abuse
its discretion in limiting the mother=s periods of possession to less than that provided
in a standard possession order, and in ordering that her periods of possession
be supervised?

In her second issue, Lynne contends the trial court abused
its discretion by ordering that her periods of possession of S.M. be
supervised.  In her third issue, Lynne contends the trial court abused its
discretion in limiting these periods to less than those provided in a standard
possession order.  Because Lynne=s argument under
both issues is essentially that the trial court abused its discretion in
deviating from the standard possession order[4]
by ordering supervised visitation, we address these two issues together. 








Lynne contends the trial court abused its discretion
because the evidence is insufficient to support the trial court=s finding that she
Ahas a history or
pattern of physical abuse and/or neglect directed against S.M.@  We evaluate a
trial court=s decision to modify an order for conservatorship or
possession of a child under an abuse-of-discretion standard.  See Roosth v.
Roosth, 889 S.W.2d 445, 451 (Tex. App.CHouston [14th
Dist.] 1994, writ denied).  Generally, the test for abuse of discretion is whether the trial court
acted without reference to any guiding rules and principles or whether the
trial court acted arbitrarily and unreasonably.  See McDaniel v. Yarbrough,
898 S.W.2d 251, 253 (Tex. 1995).  Under an abuse-of-discretion standard,
legal and factual insufficiency are not independent grounds of error, but
rather are relevant factors in assessing whether the trial court abused its
discretion.  In re T.J.L., 97 S.W.3d 257, 266 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
There is no abuse of discretion as long as some evidence of a substantive and
probative character exists to support the trial court=s decision.  Id.

We now consider whether the evidence is sufficient to
support the trial court=s finding that Lynne has Aa history or
pattern of physical abuse and/or neglect directed against [S.M.]@  At the
modification hearing, Larry was the only witness who testified as to any
alleged danger he believed his son would be in should he remain with Lynne. 
Larry testified that S.M. would be in danger without supervised visitation, and
that S.M. Aexpressed a fear of his step-dad@ and that his
step-dad Ahad been hitting him.@  Larry also
introduced a copy of an incident report from the Harris County Constable=s office.  This
report states that deputies responded to an information call regarding injury
to a child by bodily force on February 28, 2005, and that the deputies
completed a report.  This document, however, does not include a copy of the
deputies= report and does
not identify the parties or the child that allegedly was injured.








The record is utterly devoid of evidence that Lynne ever
abused or neglected S.M. or that she allowed him to be abused or neglected
while in her presence.  Though the record contains some evidence that S.M.
expressed a fear of Lynne=s husband, the record contains no evidence
that would suggest that Lynne witnessed her husband (Juan Guerra) strike S.M.
on the evening S.M. ran to a neighbor=s home, or on any
other occasion.  Lynne testified that she and her husband Ado not believe in
spanking@ and have never
spanked any of her children. Lynne stated that S.M. did have two bruises on his
arm but that they were old bruises and that S.M. told her that Ahe got them from
his bed.@  Lynne further
testified that S.M. never told her that his step-father had hit or abused him. 
Though the trial court was free to disbelieve Lynne=s testimony, there
is nothing in the record that suggests even a single incident of abuse or
neglect by Lynne.  Reviewing the evidence in the light most favorable to the
challenged finding, indulging every reasonable inference that would support it,
crediting favorable evidence if a reasonable factfinder could, and disregarding
contrary evidence unless a reasonable factfinder could not, we conclude the
evidence at trial would not enable reasonable and fair‑minded people to
find that Lynne exhibited a history or a pattern of abuse or neglect toward
S.M.  See City of Keller v. Wilson, 168 S.W.3d 802, 822, 827 (Tex.
2005).  Therefore, the evidence presented at trial is legally insufficient to
support the trial court=s finding that Lynne had exhibited a
history or a pattern of abuse or neglect toward S.M.  Moreover, there is no
evidence in the record of any other basis upon which the trial court could have
exercised its discretion to order that Lynne=s visitation be
under the supervision of the Harris County ASAFE Program.@  On this record,
the trial court abused its discretion in deviating from the guidelines of a
standard possession order and in ordering that Lynne=s periods of
visitation with S.M. must be supervised.  See Roosth, 889 S.W.2d at 450B52.  (holding
trial court abused its discretion in limiting parent=s visitation
periods with child).  Accordingly, we sustain Lynne=s second and third
issues. 

C.      Did the
trial court abuse its discretion in designating the father sole managing
conservator when the father did not request such relief?








In her fourth issue, Lynne contends the trial court abused
its discretion in modifying the joint managing conservatorship and in naming
Larry the sole managing conservator because Larry never requested this relief. 
The Texas Rules of Civil Procedure applicable to the filing of an original
lawsuit apply to Larry=s petition to modify.  See Tex. Fam. Code Ann. ' 156.004 (Vernon
2002).  Therefore, the trial court=s judgment must
conform to the pleadings; however, if issues not raised by the pleadings are
tried by express or implied consent of the parties, these issues shall be
treated as if they had been raised by the pleadings.[5] 
See Tex. R. Civ. P. 67,
301; Halla v. Halla, No. 14B06-01126-CV, 2007
WL 2367600, at *2 (Tex. App.CHouston [14th Dist.] Aug. 21, 2007, no
pet. h.).  

Although Larry requested certain exclusive rights in his
petition to modify, the trial court was free to grant Larry these exclusive
rights while, at the same time, ordering Larry and Lynne to remain as joint
managing conservators.  Larry did not seek to be appointed sole managing
conservator in his petition.  During direct examination at trial, Larry
testified that he wanted certain exclusive rights, without referring to the
right to be sole managing conservator.  Larry then stated that he wanted all
other rights to be shared.  Larry never requested the trial court to appoint
him as sole managing conservator.  To the contrary, through this testimony,
Larry expressly requested that the conservatorship be shared.  Thus, the issue
of sole managing conservatorship was not tried by consent of the parties. 
Therefore, the trial court erred in granting Larry relief that he did not
request in his petition.  See Binder v. Joe, 193 S.W.3d 29, 32B33 (Tex. App.CHouston [1st
Dist.] 2006, no pet.) (holding that trial court erred in naming party as sole
managing conservator because party did not seek this relief in his pleading in
restricted appeal from default judgment, which is also required to conform to
the pleadings).  We conclude the trial court erred in naming Larry as sole
managing conservator and in not continuing the conservatorship with Larry and
Lynne serving as joint managing conservators.  Accordingly, we sustain Lynne=s fourth issue. 








D.      Did the trial court abuse
its discretion in granting the father the exclusive rights to make certain
medical and educational decisions for the child?

In her fifth issue, Lynne contends that the trial court
abused its discretion in granting Larry the exclusive rights to (1) consent to
medical, dental, and surgical treatment involving invasive procedures as well
as psychiatric and psychological treatment of S.M., and (2) make decisions
concerning S.M.=s education.  Lynne asserts that the
evidence is legally and factually insufficient to support this relief.[6]


 First of all, we note that Lynne has not challenged on
appeal the trial court=s granting to Larry of the exclusive right
to designate the primary residence of S.M.[7] 
In addition, the record shows evidence at trial of the following:

!       Lynne lives in Katy, and Larry lives in Clear
Lake.

!       When S.M. started living with Larry, he was
enrolled in Katy Independent School District (AKaty I.S.D.@).  Every school day for the last few months of school,
Larry drove S.M. back and forth from Clear Lake to his school in Katy.

!       S.M.=s grades improved after he started living with Larry.

!       S.M. has expressed a desire to live with
Larry.

!       At the time of trial, S.M. was attending
Clear Lake High School.  He likes that school and wants to continue going to that
school.

!       In the six months prior to trial, Lynne had
visited S.M. only one time.

!       Lynne refused to give Larry S.M.=s personal belongings after S.M.
started living with Larry.  Therefore, Larry had to buy S.M. all new clothes.  








!       Even though
Lynne had some of S.M.=s textbooks for Katy I.S.D., she refused
to give them to her son after he started living with Larry.

The record contains evidence demonstrating Larry=s commitment to
S.M.=s well-being and
education and Lynne=s indifference or non-responsiveness to
some of S.M.=s needs in these areas.  The trial evidence is legally
and factually sufficient to support the trial court=s determination
that it is in S.M.=s best interest that Larry have the
exclusive right to make decisions concerning S.M.=s education, as
well as the exclusive right to consent to medical, dental, and surgical
treatment involving invasive procedures and to consent to psychiatric and
psychological treatment of S.M.  The trial court did not abuse its discretion
in granting Larry these exclusive rights.  See In re Z.B.P., 109 S.W.3d
772, 779B80 (Tex. App.CFort Worth 2003,
no pet.) (concluding that the record supported trial court=s finding that
naming the father as the joint managing conservator with the exclusive right to
determine children=s residence, health care, and education
was in the children=s best interests); London v. London,
94 S.W.3d 139, 150 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(holding that the evidence supported trial court=s award to father
of exclusive right to make education decisions for the children).  Accordingly,
we overrule Lynne=s fifth issue. 

E.      Should
this court reverse the attorney=s fees awards?








In issues six through eight, Lynne asserts various
challenges against the trial court=s award of
attorney=s fees, its
assessment of attorney=s fees and costs as Ain the nature of
child support,@ and its award to Larry of reimbursement of attorney=s fees that Larry
had paid to the amicus attorney.  Prior to the trial court=s modification
order, Lynne was a joint managing conservator with exclusive rights to
determine residence and to consent to invasive medical, dental, and surgical
treatment.  In the modification order, the trial court (1) removed Lynne as
joint managing conservator of S.M., (2) appointed Larry as sole managing
conservator of S.M., and (3) appointed Lynne as possessory conservator of S.M.,
whose visitation with S.M. is less than that provided in a standard possession
order and must be supervised.  Under the trial court=s order, Larry has
the exclusive right to (1) designate the primary residence of S.M., (2) consent
to medical, dental, and surgical treatment involving invasive procedures and to
consent to psychiatric and psychological treatment of S.M., and (3) make
decisions concerning S.M.=s education.  On appeal, we have held that
(1) the trial court should have left Lynne and Larry as joint managing
conservators, and (2) the trial court erred by limiting Lynne=s periods of
possession to less than that provided in a standard possession order and by
ordering that her periods of possession be supervised.  Because this court is
not reasonably certain that the trial court=s attorney=s fees
determination was not significantly affected by its errors regarding
conservatorship, periods of possession, and supervision, we reverse all
attorney=s fees awards and
remand these issues to the trial court for reconsideration based on the outcome
following this appeal.  See Young v. Qualls, 223 S.W.3d 312, 314B15 (Tex.  2007)
(per curiam). 

                                                 III.  Conclusion








The trial court did not reversibly err in
failing to file findings of fact and conclusions of law or in granting Larry
the exclusive right to make decisions concerning S.M.=s education, as
well as the exclusive right to consent to medical, dental, and surgical
treatment involving invasive procedures and to consent to psychiatric and
psychological treatment of S.M.  The trial court, however, abused its
discretion by (1) limiting Lynne=s periods of
possession to less than that provided in a standard possession order, (2)
ordering that her periods of possession be supervised, and (3) designating
Larry as sole managing conservator rather than continuing Larry and Lynne as
joint managing conservators.  Given these errors, we reverse all attorney=s fees awards and
remand these issues to the trial court for reconsideration.  Accordingly, the
trial court=s order is reversed and remanded  for rendition of a
modification order in accordance with this opinion, for reconsideration of the
attorney=s fees awards, and
for any further proceedings that may be necessary.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Judgment rendered and Opinion filed
October 25, 2007.

Panel
consists of Justices Frost, Seymore, and Sears.*










[1]  In the divorce decree, the trial court also gave
Lynne other exclusive rights and made various determinations regarding K.M.,
the other child of the marriage.  However, these provisions of the divorce
decree are not relevant to this appeal.





[2]  Larry also requested other exclusive rights. 
However, these requests are not relevant to this appeal.





[3]  The record indicates that the trial court conferred
with S.M. in chambers some time before the bench trial.  At the beginning of
trial, Larry=s counsel suggested that the trial court again confer
with S.M. in chambers.  The trial court stated it would consider doing so if it
deemed it appropriate after hearing the testimony at trial.  The record does
not reflect that the trial court conferred with S.M. in chambers at any time
during the bench trial.





[4]  In its order, the trial court deviated from the standard possession order
by ordering that Lynne=s visitation be under the
supervision of the Harris County ASAFE Program@ on the second and fourth Saturday of each month at the
times prescribed by the ASAFE Program@ at the SAFE location nearest the
child=s residence.  The trial court
stated that it did so based on its finding that credible evidence had been
presented that Lynne has a history or pattern of physical abuse and/or neglect
directed against S.M.  

 





[5]  In Leithold v. Plass, the Texas Supreme Court
held that the petitioner=s pleadings for modification were sufficient.  See
413 S.W.2d 698, 701 (Tex. 1967).  This case predated the enactment of the Texas
Family Code, and it is not clear what issue was presented regarding the
petitioner=s pleading.  See id.  It appears that
respondent argued that petitioner=s
pleading was insufficient to request a modification of visitation rights
because petitioner requested that he be given Acustody and control@ of his son
rather than Avisitation.@  See
id.  The Texas Supreme Court held that petitioner=s pleading was sufficient.  See id.  In this
case the high court did not hold that the civil procedure rules regarding
pleadings and judgments do not apply to cases involving custody of minor
children.  See id.  Even if it had so held, the enactment of section
156.004 of the Texas Family Code would supersede this holding.  See Tex. Fam. Code Ann. ' 156.004 (Vernon 2002).     





[6]  Lynne also asserts that the trial court erred in
awarding this relief in its order because it did not mention this relief in its
oral rendition in open court following trial.  However, the trial court signed
its order within thirty days after the oral rendition, and, therefore, it had
plenary power to modify its earlier rendition. Such a modification is not
erroneous merely because the subsequent order does not mirror the earlier
rendition.  See Stallworth v. Stallworth, 201 S.W.3d 338, 349 (Tex. App.CDallas 2006, no pet.).  





[7]  Even if Lynne had challenged this ruling, we would
conclude the trial court did not abuse its discretion in this regard based on
S.M.=s preference that Larry have the exclusive right to
determine S.M.=s primary residence and based on Larry=s testimony at trial.





*  Senior Justice Ross A. Sears sitting by assignment.