**Opinion issued September 29, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00822-CV

————————————

**OSCAR AREVALO, Appellant**

**V.**

**GABRIELE FINK, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. 18FD0450**

---

## MEMORANDUM OPINION

In this suit for divorce and suit affecting the parent-child relationship, appellant, Oscar Arevalo, challenges the trial court's default decree appointing appellee, Gabriele Fink, as sole managing conservator of the child made the subject

of this suit.[1]  In two issues, Arevalo argues that the trial court erred in appointing Fink as sole managing conservator and in awarding her attorney's fees.

We affirm in part and reverse and remand in part.

## Background

Arevalo and Fink were married on December 17, 2014.  They had one child, L.A.  On February 16, 2018, Fink filed the instant suit for divorce, to which she joined a suit affecting the parent-child relationship.[2]  Fink requested that she be appointed as sole managing conservator of L.A., with the exclusive right to designate the child's primary residence.

On April 25, 2018, after a hearing, at which Arevalo and Fink both appeared, the trial court issued a Temporary Order appointing Arevalo and Fink as joint managing conservators of L.A.  The trial court granted Fink the exclusive right to designate the primary residence of the child within Galveston and contiguous counties.  The trial court ordered that Arevalo pay child support of $280.00 per month and "cash medical support" in the amount of $112.00 per month, and it issued an Income Withholding Order to Arevalo's employer.

---

[1]     *See* TEX. FAM. CODE § 101.032(a).

[2]     *See id.* § 6.406(b).

The trial court subsequently granted Arevalo's motion for subsidized mediation, noting that he had completed the approved parenting class required for such assistance. However, Arevalo did not appear at mediation.

Subsequently, Arevalo also did not appear at trial on February 27, 2019. Fink's trial counsel noted in the record that Arevalo had appeared on January 16, 2019 and was "sworn to return." Counsel stated, "[W]e're here today. He is not. So, we'd like to go forward on a default." And, the trial court agreed. Fink testified that there was no community property and requested that she be granted a divorce and that she be appointed as sole managing conservator of L.A., with the exclusive right to make decisions as to the child's education and medical care.[3] Fink testified that L.A., a girl, was six years old, lived with her, and attended elementary school. Fink asserted that her appointment as sole managing conservator was in the best interest of the child. And, she asked the trial court to raise Arevalo's child support to $355.00 per month, that he be ordered to continue paying medical support in the amount of $112.00, and that he be ordered to pay her attorney's fees.

Fink's trial counsel testified that he has been licensed since 2005, practices primarily in Galveston and Harris counties, charges $300.00 per hour, and that such

---

[3] Although Fink initially responded in the affirmative when asked whether she sought joint managing conservatorship, she later clarified that she sought sole managing conservatorship.

fees are fair and reasonable for the area. He testified that he had spent 12 hours on this case and that the fees and expenses totaled $3,600.00.

In its final decree, signed on September 6, 2019, the trial court appointed Fink as the sole managing conservator of L.A. and appointed Arevalo as a possessory conservator. The trial court granted Fink the exclusive right to establish the primary residence of the child, without geographic limitation, to make decisions regarding the child's education, to consent to medical, dental, and surgical treatment involving invasive procedures, and to consent to psychological treatment. The trial court granted Arevalo standard visitation. It also ordered him to pay $355.00 per month in child support and $112.00 per month in healthcare reimbursement. It further ordered Arevalo to pay $3,600.00 in attorney's fees, at a rate of $900.00 per month.

Also on September 6, 2019, the trial court issued to Arevalo's employer an amended Income Withholding Order for Support, directing that it withhold from Arevalo's wages, in total each month: (1) $355.00 in child support, (2) $112.00 in medical support, and (3) $900.00 in attorney's fees.

## Sole Managing Conservatorship

In his first issue, Arevalo argues that the trial court erred in appointing Fink the sole managing conservator of L.A. because Fink failed to present any evidence to rebut the presumption that joint managing conservatorship was in the best interest of the child.

4

**A.** *Standard of Review and Applicable Legal Principles*

Conservatorship determinations made after a bench trial are "subject to review only for abuse of discretion and may be reversed only if the decision is arbitrary and unreasonable." *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). An abuse of discretion does not occur if there is some probative evidence to support the trial court's decision. *In re J.J.G.*, 540 S.W.3d 44, 55 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). Under an abuse-of-discretion standard, legal and factual insufficiency are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *Id.* We consider whether the trial court had sufficient information upon which to exercise its discretion and whether it erred in its application of discretion. *Id.* When no findings of fact or conclusions of law are requested or filed, as here, we imply all facts necessary to support the judgment that are supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We affirm the trial court's judgment if it can be upheld on any legal theory finding support in the evidence. *Id.*

In conducting a legal-sufficiency review in conservatorship cases, we review all of the evidence in a light favorable to the finding, crediting favorable evidence if a reasonable fact-finder could do so and disregarding contrary evidence unless a

5

reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 810, 827 (Tex. 2005). We will sustain a legal-sufficiency or "no-evidence" challenge if (1) the record shows a complete absence of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810.

"The best interest of the child shall always be the primary consideration of the court in determining issues of conservatorship and possession of and access to the child." TEX. FAM. CODE § 153.002. The public policy of this State is to (1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child, (2) provide a safe, stable, and nonviolent environment for the child, and (3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. *Id.* § 153.001(a). There is a rebuttable presumption that the best interest of a child is served by the appointment of the parents as joint managing conservators. *Id.* § 153.131(b).

If a party seeking appointment as *sole* managing conservator "introduces evidence to rebut the presumption, it disappears." *Turrubiartes v. Olvera*, 539 S.W.3d 524, 528 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). In deciding

whether the presumption has been rebutted, the Texas Family Code directs courts to consider multiple factors, namely:

(1)     whether the physical, psychological, or emotional needs and development of the child will benefit from the appointment of joint managing conservators;

(2)     the ability of the parents to give first priority to the welfare of the child and reach shared decisions in the child's best interest;

(3)     whether each parent can encourage and accept a positive relationship between the child and the other parent;

(4)     whether both parents participated in the rearing of the child before the filing of the suit;

(5)     the geographical proximity of the parents' residences;

(6)     if the child is 12 years of age or older, the child's preference, if any, regarding the person to have the exclusive right to designate the primary residence of the child; and

(7)     any other relevant factor.

*Id*. at 528–29 (quoting TEX. FAM. CODE § 153.134(a)); *see also Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (setting out factors to be considered when determining best interest of child). If the presumption favoring both parents to be named as joint managing conservators is rebutted, then a trial court may appoint both parents as joint managing conservators only if the seven factors set forth in section 153.134(a) establish that it is in the best interest of the child. *Turrubiartes*, 539 S.W.3d at 529.

**B.     *Analysis***

Here, there is no evidence in the record regarding any of the required factors or any other evidence from which the trial court could have determined the best

interest of the child. *See* TEX. FAM. CODE § 153.134(a); *see also Holley*, 544 S.W.2d at 371–72. The record shows that Fink testified only that L.A., a girl, was six years old, lived with her, and attended elementary school. Fink did not testify regarding any of the circumstances of the child or of either parent. Although Fink testified that she thought that her appointment as sole managing conservator was in the child's best interest, this statement alone is conclusory and does not rise to the level of competent evidence that the trial court could use to determine the best interest of the child. *See Vazquez v. Vazquez*, 292 S.W.3d 80, 85 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Fink argues on appeal that because Arevalo did not appear for trial and the trial court did not file findings of fact, her testimony that the best interest of the child was served by her appointment as sole managing conservator was sufficient. She asserts that "this Court can draw the inference that [her] allegation and subsequent appointment were supported by necessary facts."

With respect to Arevalo's failure to appear at trial, we note that, although there is not an answer on file, he previously made a general appearance in the case. If a respondent in a divorce case fails to answer or appear, the petitioner must still present evidence to support the material allegations in the petition. *Id.* at 83–84; *see also* TEX. FAM. CODE § 6.701 ("In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer."). The petition in a suit for

dissolution of a marriage, in which the parties are the parents of a child, as defined therein, must include a suit affecting the parent-child relationship. TEX. FAM. CODE § 6.406 (governing mandatory joinder); *see also id*. § 101.003. Thus, similarly, Arevalo's failure to appear at trial did not relieve Fink of her burden to present evidence to support her appointment as sole managing conservator of L.A. *See Smith v. Hickman*, No. 04-19-00182-CV, 2020 WL 1442663, at *2 (Tex. App.—San Antonio Mar. 25, 2020, no pet.) (mem. op.); *see also Rhamey v. Fielder*, 203 S.W.3d 24, 29 (Tex. App.—San Antonio 2006, no pet.) ("The best interest of the child requires that the issues be as fully developed as possible.").

With respect to Fink's assertion that, without findings, this court can simply infer that her "allegation and subsequent appointment were supported by necessary facts," again, this court implies all facts necessary to support the judgment *insofar as such facts are supported by the evidence*. *Worford*, 801 S.W.2d at 109; *Matter of Marriage of Piske*, 578 S.W.3d 624, 629 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The record does not show that Fink presented any evidence of any of the facts or circumstances of the child, or of either parent, from which a conservatorship or best-interest determination could have been made. *See In re J.J.G.*, 540 S.W.3d at 55 (holding that, under abuse-of-discretion standard, we consider whether trial court had sufficient information upon which to exercise its discretion).

Because there is no evidence in the record to support the trial court's implied finding that the presumption of joint conservatorship was rebutted, we hold that the trial court erred in appointing Fink as the sole managing conservator of the child.

We sustain Arevalo's first issue.

## Attorney's Fees

In his second issue, Arevalo argues that the trial court erred in awarding Fink attorney's fees because there is insufficient evidence that she "actually retained" her counsel and agreed to pay his fees.

Because this court is not reasonably certain that the trial court's attorney's fees determination was not significantly affected by its errors regarding conservatorship, discussed above, we conclude that the trial court should be given an opportunity to reconsider whether to assess attorney's fees when it renders a new judgment. *See Young v. Qualls*, 223 S.W.3d 312, 314–15 (Tex. 2007); *Bruni v. Bruni*, 924 S.W.2d 366, 368–69 (Tex. 1996) (reversing attorney's fees award and remanding for reconsideration in suit affecting parent-child relationship, after concluding that trial court's judgment was premised on erroneous conclusions of law); *Guion v. Guion*, 597 S.W.3d 899, 912 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Baltzer v. Medina*, 240 S.W.3d 469, 478 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

10

## Conclusion

We reverse the portions of the trial court's decree in which it grants Fink sole managing conservatorship of the child and awards her attorney's fees. We remand these issues for further proceedings. We affirm the remainder of the trial court's decree.[4]


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Hightower and Adams.

---

[4] In his October 21, 2019 notice of appeal, Arevalo appealed the trial court's September 6, 2019 final decree. In his reply and supplemental appellant's brief, Arevalo asserts that the trial court erred in issuing an amended Income Withholding Order on October 30, 2019, in which it assessed retroactive child support. Our review is limited to the record filed in the appeal.