**Hussein HAIDAR and Aida Haidar, Appellants**

v.

**NORTEX FOUNDATION DESIGNS, INC. and Jerry L. Coffee, P.E., Appellees.**

No. 05–06–01548–CV.

Court of Appeals of Texas, Dallas.

Dec. 7, 2007.

Evan Lane Shaw, Janet R. Randle, Law Office of Van Shaw, Dallas, TX, for Appellant.

Michael B. Gerstle, Gerstle, Minnissale, Snelson, Dallas, C.D. Peebles, Southlake, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a summary judgment, Hussein and Aida Haidar contend the trial court erred in dismissing their claims against Nortex Foundation Designs, Inc. and Jerry L. Coffee, P.E. Nortex and Coffee moved for summary judgment on two grounds, including that all claims asserted against them were barred by the applicable statutes of limitations. We conclude the Haidars failed to show the trial court erred in holding their claims were barred by limitations. Ac-

cordingly, we affirm the trial court's judgment.

The Haidars' petition in this case alleges they purchased a home in 2001 from Grand Homes 2000 L.P. The home's foundation was designed by Nortex and Coffee. The Haidars filed suit against Nortex and Coffee on January 13, 2005 contending the foundation was defectively designed or constructed. They asserted causes of action for negligence, breach of warranty, and violations of the Deceptive Trade Practices Act. Nortex and Coffee answered and pleaded the affirmative defense of limitations as a bar to all the Haidars' claims. In response, the Haidars alleged the limitations period was tolled by the discovery rule. The Haidars contended they did not discover, and could not with reasonable diligence have discovered, their injury before the limitations period expired.

As stated above, Nortex and Coffee moved for summary judgment on the limitations defense. Because the Haidars pleaded the discovery rule, Nortex and Coffee bore the burden both of conclusively establishing the limitations defense and negating application of the discovery rule. *See Jennings v. Burgess,* 917 S.W.2d 790, 793 (Tex.1996). The burden then shifted to the Haidars to raise a fact issue concerning the avoidance of limitations. *See Bratcher v. Boeke,* 207 S.W.3d 431, 433 (Tex.App.-Dallas 2006, no pet.).

■■■ The Haidars' negligence and DTPA claims are governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp. 2007); TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 2002). Likewise, because the Haidars did not have a contractual relationship with either Nortex or Coffee, their cause of action for breach of warranty was in the nature of a tort claim and governed by a two-year statute of limitations.[1] *See Black v. Wills,* 758 S.W.2d 809, 814 (Tex. App.-Dallas 1988, no writ); *Metal Structures Corp. v. Plains Textiles, Inc.,* 470 S.W.2d 93, 98 (Tex.Civ.App.-Amarillo 1971, writ ref'd n.r.e.). A cause of action accrues, and the limitations period begins to run, from the time the wrongful conduct occurs even though the damages are not fully developed during the limitations period. *See Clade v. Larsen,* 838 S.W.2d 277, 282 (Tex.App.-Dallas 1992, writ denied). In cases where the discovery rule applies, the accrual of a cause of action may be deferred until the plaintiff knew or, by exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *See Barker v. Eckman,* 213 S.W.3d 306, 311–12 (Tex.2006).

Nortex and Coffee presented summary judgment evidence to show that their design for the foundation of the Haidars' home was completed on March 21, 2001. The summary judgment evidence also showed that, on May 7, 2002, the Haidars sent a letter to Grand Homes' warranty department stating they had "foundation problems that need to be addressed immediately" and asking Grand Homes to send a foundation specialist to inspect the house. Approximately two weeks later, the Haidars sent a second letter to Grand Homes to "stress the urgency of [the] matter" and stated "the cracks in the walls [were] widening."

■■■ For purposes of the discovery rule, "discovery" occurs when a plaintiff has knowledge of such facts as would cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action. *See L.C. v. A.D.,* 971 S.W.2d 512, 515 (Tex.App.-Dallas 1997,

---

1. The Haidars did not dispute in their response to the motion for summary judgment or on appeal that their claim for breach of warranty was subject to a two-year limitations period.

pet. denied). Based on the summary judgment evidence, Nortex and Coffee argue the Haidars knew or should have known of the facts giving rise to their claims no later than May 2002. Accordingly, they contend the claims asserted in the Haidars' petition filed in January 2005, more than two years after they accrued, were barred by limitations. We agree.

Hussein Haidar testified by affidavit that when he informed Grand Homes of the problems they were experiencing with the foundation in 2002, he was told by both Grand Homes and Coffee that the conditions were the result of normal settling for new construction. The summary judgment record also contains a report created by Blake Wilson, an engineer hired by Grand Homes to investigate the condition of the Haidars' foundation. In Wilson's report dated February 5, 2003, he states the movement of the foundation is within normal range. In a single sentence in their brief on appeal, the Haidars assert that Nortex and Coffee failed to meet their burden to negate the application of the discovery rule because they failed to show that reliance on the statements made by Wilson and Coffee was unreasonable. The Haidars make no argument and cite no authority to support this assertion. The Texas Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h); *Kang v. Hyundai Corp.*, 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.). Issues raised on appeal, but not briefed, are waived. *Radenovich v. Eric D. Fein, P.C. & Assocs.*, 198 S.W.3d 858, 861 (Tex.App.-Dallas 2006, no pet.); *See also, Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.) (appellate court must remain neutral and cannot perform independent review of record and applicable law to determine whether error occurred).

■ Furthermore, the Haidars' argument misplaces the burden of proof. Nortex and Coffee produced sufficient summary judgment evidence to both establish the accrual date of the Haidars' cause of action and demonstrate that the Haidars knew or should have known of the facts giving rise to their claims within the limitations period. It was the Haidars' burden, therefore, to raise a fact issue concerning avoidance of limitations. The Haidars do not assert, and did not assert in response to the motion for summary judgment, that Nortex or Coffee fraudulently concealed the facts forming the basis of their claims. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex.1999) (party asserting fraudulent concealment has burden to raise it in response to summary judgment motion and come forward with evidence raising fact issue on each element of the affirmative defense). Nor do the Haidars explain how their evidence raises a fact issue concerning when they knew or should have known the nature of their injury. *Id.* at 748. Knowledge of facts, conditions, or circumstances which would cause a reasonable person to make inquiry leading to the discovery of the cause of action is equivalent to knowledge of the cause of action for limitation purposes. *Bayou Bend Towers Council of Co–Owners v. Manhattan Constr. Co.*, 866 S.W.2d 740, 742 (Tex.App.-Houston [14th Dist.] 1993, writ denied).

Because the Haidars have failed to show the trial court erred in dismissing their claims on the ground they were barred by the applicable statutes of limitations, it is unnecessary for us to address the remaining issues raised in the Haidars' appeal. We affirm the trial court's judgment.