**Affirm and Opinion Filed July 3, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00024-CV**

**RICKEY WAYNE TOLBERT, Appellant**
**V.**
**GEORGE A. OTSTOTT, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-05400**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

Appellant Rickey Wayne Tolbert sued his former attorney, appellee George A. Otstott, on various causes of action including legal malpractice. The trial judge granted appellee a take-nothing summary judgment based on the defense of statute of limitations. Tolbert appeals. We affirm.

### I. BACKGROUND

Appellant is an inmate in the Texas prison system. Acting pro se, appellant sued appellee in April 2010. He alleged that appellee had represented appellant as the claimant in three personal-injury matters and that appellee had settled all three matters without appellant's knowledge or consent. He further alleged that he, appellant, had been incarcerated at the time of all three settlements. Appellant alleged four claims arising from this set of facts: legal

malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, and "civil rights violations." The first paragraph of appellant's petition indicates that his civil-rights claim is based on 42 U.S.C. § 1983 and on alleged violations of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, as well as alleged violations of the Texas Constitution.

Appellee moved for summary judgment based on the statute of limitations. We discuss his evidence in detail below; for now it suffices to say that appellee argued that he represented appellant in three personal-injury matters from 1987 to 1991, that all three of the matters settled with appellant's knowledge and approval, and that the last of the three matters settled in August 1991. Appellee argued that appellant's 2010 lawsuit was manifestly time-barred under these facts. Appellant filed a response to the summary-judgment motion. The trial judge held a hearing on the motion, at which appellant appeared by telephone. The judge granted summary judgment for appellee.

Appellant timely appealed. In one issue, he argues that the trial judge erred by granting summary judgment in favor of appellee.

## II. ANALYSIS

### A, Standard of review and applicable law

We review a summary judgment de novo. *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). When we review a traditional summary judgment in favor of a defendant, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Smith*, 285 S.W.3d at 909. We must take evidence favorable to the nonmovant as true, and we must indulge every reasonable inference and resolve every doubt in favor of the nonmovant. *Sysco Food Servs., Inc. v. Trapnell*, 890

S.W.2d 796, 800 (Tex. 1994); *Smith*, 285 S.W.3d at 909. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *In re Estate of Hendler*, 316 S.W.3d 703, 707 (Tex. App.—Dallas 2010, no pet.).

If a summary-judgment movant relies on the defense of statute of limitations, he must (1) prove conclusively when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered or in the exercise of reasonable diligence should have discovered the nature of his injury. *Equitable Recovery, L.P. v. Heath Ins. Brokers of Tex., L.P.*, 235 S.W.3d 376, 385 (Tex. App.—Dallas 2007, pet. dism'd). For purposes of the discovery rule, "discovery" occurs when a plaintiff has knowledge of such facts as would cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action. *Haidar v. Nortex Found. Designs, Inc.*, 239 S.W.3d 924, 926 (Tex. App.—Dallas 2007, no pet.). Said another way, knowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry leading to the discovery of the cause of action is equivalent to knowledge of the cause of action for limitations purposes. *Id*. at 927.

The limitations period for legal-malpractice claims is two years, and the discovery rule applies. *Sarno v. Marsaw & Assocs. PC*, No. 05-10-01146-CV, 2012 WL 1154478, at *2 (Tex. App.—Dallas Apr. 5, 2012, no pet.) (mem. op.). The limitations period for intentional infliction of emotional distress is two years. *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 619 (Tex. 1999); *Hair v. Pillsbury Co.*, No. 05-01-01354-CV, 2002 WL 1494922, at *5 (Tex. App.—Dallas July 15, 2002, no pet.) (not designated for publication). Texas does not recognize a cause of action for negligent infliction of emotional distress. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993). Accordingly, we will not address that claim separately from appellant's legal-malpractice claim, which is itself based on negligence. *See Pierre v. Steinbach*, 378 S.W.3d 529, 533 (Tex. App.—

Dallas 2012, no pet.). The statute of limitations for appellant's § 1983 claim is two years. *See Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005); *Ogletree v. Glen Rose I.S.D.*, 314 S.W.3d 450, 454 (Tex. App.—Waco 2010, pet. denied). We need not decide whether the discovery rule applies to appellant's claim for intentional infliction of emotional distress or his claim under § 1983; as discussed below, his claims are time-barred even if the discovery rule applies to those claims.

**B.      Analysis of the summary-judgment evidence**

Appellant filed suit on April 27, 2010. Accordingly, the question presented is whether the evidence shows conclusively that appellant possessed knowledge of facts before April 27, 2008, that would have caused a reasonable person to make inquiry and discover his cause of action. *See Haidar*, 239 S.W.3d at 926, 927.

Appellee relied on his affidavit, in which he testified to the following facts. First, appellee represented appellant in connection with an injury claim against Flexible Foam arising from a 1987 workplace incident. The Flexible Foam matter was settled at appellant's direction while he was incarcerated, appellant signed a settlement agreement, and appellant's share of the settlement funds was placed in his inmate trust account on March 15, 1988. Next, appellee represented appellant in connection with an injury claim against Madix Corporation arising from a 1990 workplace incident. The Madix matter was settled at appellant's direction, appellant signed a settlement agreement, and a check for appellant's share of the settlement funds was delivered to appellant on April 22, 1991. Finally, appellee represented appellant in connection with a 1991 vehicle-accident claim. The case settled, and appellant endorsed the final settlement check on August 5, 1991. Appellee also relied on appellant's responses to requests for admissions, in which appellant stated, "I did receive a check in 1991, for [$]1,012.92 from Mr. Otstott['s] office," and "I received [$]1,012.92 for an auto accident." Finally, appellee also

relied on a letter from appellant to appellee dated July 20, 2008, in which appellant stated that he had not heard from appellee about his claim against Flexible Foam since 1988, and he further stated, "I have had no correspond[e]nce with you or a member of your firm since" receiving a $1,000 check from appellee's office in 1991. Appellee's evidence tends to show that appellant knew or should have known about his alleged injuries no later than the dates he received the settlement funds, the last of which was August 5, 1991.

Next we review appellant's evidence, which consisted of his declaration under penalty of perjury and a copy of a letter from appellee to appellant dated September 19, 2008. In the letter, appellee stated that all three of appellant's matters were settled prior to lawsuits being filed, that the cases were settled at appellant's direction, and that appellant received all settlement funds to which he was entitled. In his declaration under penalty of perjury, appellant stated that he did not sign a settlement of his claim against Flexible Foam, did not give appellee consent to settle that claim, and assumed that his claim against Flexible Foam was pending in court. As to his claim against Madix Corporation, appellant stated that he never signed a settlement of that claim, that he never received any funds for that claim, and that no one ever communicated with him at all concerning that claim. As to his claim arising from the 1991 vehicle accident, appellant stated that the claim was settled without his consent. As to this claim, he admitted, "I endorsed a check for [$]1,012.92. I 'was not' told that the check was for my portion of the settlement agreement of $2,500.$^{00}$." Appellant argues that September 19, 2008—the date of appellee's letter to him—is when he discovered his injury and when the statute of limitations started to run.

We conclude that the evidence conclusively shows that a reasonably diligent person in appellant's position would have discovered his injury before April 27, 2008, and thus more than two years before appellant filed suit. Viewed in the light most favorable to appellant, the evidence shows that he retained appellee to represent him as a claimant in three personal-injury

matters spanning from 1987 to 1991. Appellee did not file a lawsuit in any of those matters. Appellant's declaration supplies some evidence that appellee settled all three matters without appellee's consent; appellee's affidavit establishes that the last of the three settlements was concluded in August 1991. The evidence further establishes that appellee did not communicate with appellant at all from August 5, 1991, when appellant received a $1,012 check from appellee's law office, through September 19, 2008, when appellee wrote appellant a letter advising that all three cases had been settled. That is, by April 27, 2008, appellant had received no communications from appellee for a period of more than sixteen years.

Appellant's receipt of money from appellee's office in August 1991 would have put a reasonably diligent person on notice that at least one of his claims had been disposed of. Over sixteen years then passed with no communications from appellee. As a matter of law, a reasonably diligent person, after receiving the $1,012 check from appellee's law firm in August 1991 and then hearing nothing further, would have investigated and discovered before April 2008 that appellee had settled appellant's three claims without filing lawsuits as to any of them. We need not decide exactly when in a span of over sixteen years a reasonably diligent person would have discovered his injury; it suffices to conclude that any reasonable person would have to find that appellant's knowledge of the 1991 payment, followed by the lapse of over sixteen years without any communication from appellee, constitutes knowledge of facts and circumstances that would have caused a reasonably diligent person to make inquiry and discover the truth before April 27, 2008. *Cf. Md. Cas. Co. v. Evans*, No. 03-96-00217-CV, 1997 WL 184350, at *4 (Tex. App.—Austin Apr. 17, 1997, writ denied) (not designated for publication) ("We do not need to determine the exact date of accrual, as suit was not filed until well outside the limitations period.").

## III.  DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

120024F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

RICKEY WAYNE TOLBERT, Appellant

No. 05-12-00024-CV     V.

GEORGE A. OTSTOTT, Appellee

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. 10-05400.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GEORGE A. OTSTOTT recover his costs of this appeal from appellant RICKEY WAYNE TOLBERT.

Judgment entered July 3, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE