**AFFIRM; and Opinion Filed March 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01033-CV

## CHRISTOPHER BRUNING, Appellant
## V.
## KYLE LANE HOLLOWELL, GUY JOSEPH YORK, AND YORK & YORK, INC., Appellees

On Appeal from the 95th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-12-09326-D

### MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Whitehill[1]
Opinion by Justice Stoddart

This is an appeal from an order granting summary judgment for appellees on all of appellant's causes of action. The main issue on appeal is whether the statute of limitations bars appellant's claims for negligence, gross negligence, and negligent misrepresentation against the appraisers who allegedly over-valued the house appellant purchased.

Christopher Bruning sued Kyle Lane Hollowell, Guy Joseph York, and York & York, Inc. on August 20, 2012 alleging they negligently performed an appraisal of the house in 2007 resulting in Bruning paying more for the property than it was worth. Hollowell[2] filed a no-

---

[1] Justice Kerry P. FitzGerald was a member of the original panel and participated in the submission of this case; however, he did not participate in this opinion due to his retirement. Justice Bill Whitehill has reviewed the record and the briefs in this case. *See* TEX. R. APP. P. 41.1(a).

[2] We refer to appellees collectively as Hollowell.

evidence motion for summary judgment attacking elements of Bruning's claims and a traditional motion for summary judgment on the affirmative defense of limitations. Relying on the discovery rule, Bruning alleged his claims were not barred by limitations because he did not discover Hollowell's alleged negligence until he hired another appraiser in 2010 who appraised the house at a significantly lower price as of the date of sale in 2007.

The trial court granted summary judgment for Hollowell without identifying specific grounds. In four issues, Bruning argues the trial court erred by granting summary judgment, by failing to apply the discovery rule, by overruling Bruning's objections to summary judgment evidence, and by overruling his objections to his own deposition testimony. We conclude Hollowell established the affirmative defense that Bruning's claims are barred by the statute of limitations. Accordingly we affirm the trial court's judgment.

### BACKGROUND

Bruning entered into a contract to purchase the house for $305,000 subject to financing approval. Bruning had the option to cancel the contract and recover his earnest money if he was not approved. As part of its underwriting, the lender ordered an appraisal from Hollowell. The appraisal report was dated May 14, 2007 and appraised the value of the property at $295,000. Bruning learned of the appraisal shortly thereafter, and agreed to "split the difference" with the sellers and lower the price to $300,000. The sale closed at that price on May 29, 2007.

Sometime before closing, Bruning and his real estate agent, Page Ralston, reviewed the house on Zillow.com, an online database of property valuations. Bruning testified in his deposition:

> Q. Is there anything that Mr. Ralston told you that you believe is not true?
>
> A. Today, no — oh, yes, I do. He told me that Zillow properties were definitely nonreflective in any way, shape and form of what the value of properties are today, and they're unreliable estimates. I don't know if that's true or not today, but it's my understanding that Zillow is fairly

close when it comes to looking at property values.

. . . .

Q. Do you remember the context of why that was being discussed?

A. I think Zillow was brought up as possible properties and what the values are, and I don't know who turned us on to it, either he or me or somebody, and when we looked at the values, we were like, wow, this thing is like really $100,000 less than what it really is. Is this a fact?

Q. So Zillow had the property that you bought priced at a lower value than what you —

A. Much, yeah. And he said, you can't rely on these. That's not what's real in today's data.

In the late summer of 2010, a real estate agent viewed the property and told Bruning she would not list it as a three bedroom house. Concerned, Bruning contacted an appraiser and obtained a retrospective appraisal of the property. On October 11, 2010, the new appraiser valued the property at $210,000 as of the May 29, 2007 closing date. This appraisal described the property as a two bedroom, 1,870 square foot house.

One difference in the two appraisals is the treatment of an additional room built sometime before Bruning purchased the house. The Hollowell appraisal included the addition as part of the gross living area and described the property as a three bedroom house containing 2,278 square feet. However, according to Bruning's experts, county tax appraisal records showed the addition as a separate area and described the house as a two bedroom house containing 1,879 square feet and a 390 square foot room addition.[3]

Bruning sued Hollowell on August 20, 2012, alleging Hollowell negligently appraised the property. Bruning alleged that if the property had been appraised at $210,000, Bruning

---

[3] In his November 13, 2010 appraisal review report, expert Jim Pearson noted "the Appraisal District shows the 390 square footage as separate area, reporting 1,879 square feet in the house and 390 square feet Room Addition." Expert Greg Stevens stated in his affidavit, "Public records indicate the subject property floor plan consists of two bedrooms and 1879 square feet of living area."

would have terminated the purchase contract and received his earnest money back unless the sellers agreed to reduce the price to $210,000. Bruning further alleged he bought the property in reliance on Hollowell's appraisal but is now unable to sell the property as a three bedroom house and has suffered at least $85,000 in damages. Bruning testified that he would not have purchased the property for $300,000 if he had known Hollowell's appraisal overestimated the value of the property by $85,000.

### STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We apply the well-established standards for reviewing summary judgments.[4] *See* TEX. R. CIV. P. 166a(c), (i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (no-evidence summary judgment standards of review); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standards of review). If the trial court's order does not specify the grounds for granting summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216.

A party moving for summary judgment on the affirmative defense of limitations bears the burden of conclusively proving when the cause of action accrued and to "negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury." *KPMG Peat Marwick v.*

---

[4] When a party moves for summary judgment on both traditional and no-evidence grounds, we generally address the no-evidence grounds before the traditional grounds. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)); *Mid-Continent Cas. Co. v. Castagna*, 410 S.W.3d 445, 449 (Tex. App.—Dallas 2013, pet. denied). In this case, however, the issues on the traditional grounds for summary judgment are sufficient to dispose of the appeal and we need not address the issues relating to the no-evidence grounds. *See* TEX. R. APP. P. 47.1 (written opinions to be as brief as practicable but "address[] every issue raised and necessary to final disposition of the appeal").

*Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

**DISCUSSION**

The parties do not dispute that the statute of limitations for negligence, gross negligence, and negligent misrepresentation is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (negligent misrepresentation); *Collective Asset Partners, LLC v. McDade*, 400 S.W.3d 213, 217 (Tex. App.—Dallas 2013, no pet.); *Martz v. Weyerhaeuser Co.*, 965 S.W.2d 584, 587 (Tex. App.—Eastland 1998, no pet.) (negligence and gross negligence). When a cause of action accrues is normally a question of law. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011). In general, a cause of action accrues when a party has been injured by actions or omissions of another. *See Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) ("[A] cause of action can generally be said to accrue when the wrongful act effects an injury."). The discovery rule is "a very limited exception to statutes of limitations" that "defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996).

The discovery rule applies only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). Application of the discovery rule is "decided on a categorical rather than case-specific basis; the focus is on whether the *type* of injury rather than a *particular* injury was discoverable." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006) (per curiam); *HECI*, 982 S.W.2d at 886. However, even if the discovery rule applies, it defers accrual of the causes of action only until the plaintiff discovered or in the exercise of reasonable diligence should have discovered the wrongful injury. *Emerald Oil*, 348 S.W.3d at 207; *KPMG*,

988 S.W.2d at 749; *Altai, Inc.*, 918 S.W.2d at 455. Knowledge of facts, conditions, or circumstances that would cause a reasonably prudent person to make an inquiry leading to the discovery of the cause of action is equivalent to knowledge of the cause of action for limitation purposes. *McDade*, 400 S.W.3d at 217; *Haidar v. Nortex Found. Designs, Inc.*, 239 S.W.3d 924, 926–27 (Tex. App.—Dallas 2007, no pet.).

The parties disagree about whether the discovery rule applies to the type of injury in this case. We do not reach that question because we conclude the summary judgment evidence established that Bruning knew or by exercising reasonable diligence should have known of the wrongful injury more than two years before he filed suit against Hollowell. *See Emerald Oil*, 348 S.W.3d at 203; *McDade*, 400 S.W.3d at 217. Thus, Bruning's claims are barred even if the discovery rule applies. *See Emerald Oil*, 348 S.W.3d at 207; *KPMG*, 988 S.W.2d at 749; *Altai, Inc.*, 918 S.W.2d at 455.

Bruning alleged that Hollowell negligently prepared the 2007 appraisal and overstated the value of the property. Thus, the alleged negligence occurred by May 14, 2007, the date Hollowell signed the appraisal. It is undisputed Bruning knew of the Hollowell appraisal by the time the sale closed on May 29, 2007. Bruning filed suit against Hollowell on August 20, 2012, more than two years after he bought the property. Bruning relies on the application of the discovery rule to extend the accrual of his causes of action so that his suit is timely.

The summary judgment evidence shows that, before closing, Bruning knew of information indicating the value of the property was less than what he offered to pay for it. Hollowell's appraised value was $10,000 less than the price Bruning originally contracted to pay for the property. Additionally, according to Bruning, the value shown on Zillow.com was $100,000 less than his price. This discrepancy—nearly a third of the price Bruning paid—was large enough to cause a reasonable person to investigate further. In addition, public records

indicated the house was not a three bedroom house with over 2200 square feet, but a two bedroom house with 1800 square feet and a 390 square foot addition. A reasonable investigation of publicly available information would have revealed the same information Bruning's experts later relied on to criticize the Hollowell appraisal. *See McDade*, 400 S.W.3d at 219 ("Although the appraisal contained conflicting information, the facts and circumstances in this case would, as a matter of law, cause a reasonable person to inquire further and, therefore, amount to knowledge of the cause of action for limitation purposes."); *Zimmerhanzel v. Green*, 346 S.W.3d 721, 726 (Tex. App.—El Paso 2011, pet. denied).

Bruning points to evidence about when he discovered the alleged negligence rather than when he discovered or should have discovered his legal injury. He argues he is a layman with little experience on the standards used by appraisers to establish the value of residential real estate. He contends the process of appraising residential property is not known to the average layman and a lay person like Bruning "would not, despite reasonable diligence, likely discover the inaccuracies and misrepresentations in an appraisal within 2 years." These arguments wrongfully focus on when Bruning discovered the exact cause of his injury and when he determined Hollowell was allegedly negligent in preparing the appraisal. However, "the discovery rule does not linger until a claimant learns of actual causes and possible cures." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004). Instead, it tolls limitations only until a claimant learns of a wrongful injury. *Id.* at 93–94. "Once a claimant learns of a wrongful injury, the statute of limitations begins to run even if the claimant does not yet know 'the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it.'" *Gonzales v. Sw. Olshan Found. Repair Co.*, 400 S.W.3d 52, 58 (Tex. 2013) (quoting *Emerald Oil*, 348 S.W.3d at 207) (quoting *PPG Indus.*, 146 S.W.3d at 93)); *see also KPMG*, 988 S.W.2d at 749 (holding that "accrual occurs when the plaintiff knew or

should have known of the wrongfully caused injury," not when the plaintiff knows "the specific nature of each wrongful act that may have caused the injury").

Bruning argues he cannot be charged with constructive knowledge of building plans on file with the tax appraisal office. But such information could have been discovered in the exercise of reasonable diligence. Even Bruning's expert relied on those plans in the expert's criticism of the Hollowell appraisal. The expert testified by affidavit, "The subject property floor plan on file with the Dallas County Appraisal District does not include the room addition, indicating the living area of the subject to be 1,879 square feet which is contradictory to the 2,278 square feet living area represented in the [Hollowell] appraisal report." By exercising reasonable diligence, Bruning should have discovered that the publicly available information described the property differently than Hollowell's appraisal. *See Wagner & Brown*, 58 S.W.3d at 737 (even though information revealing injury was not available from public records, it was available from several other sources); *HECI*, 982 S.W.2d at 886 (claims arising from damage to a common oil and gas reservoir not inherently undiscoverable because several sources of information about common reservoir are available to royalty owners).[5]

Bruning alleged he was injured because the fair market value of the property at the time of closing was $85,000 less than the value in the Hollowell appraisal. Even if he did not know the full extent of his injury, the exact cause, or the party responsible for it, Bruning knew or should have known of it at the time of closing based on the discrepancy between the values shown in the Zillow.com database and the publicly available information about the property.

We conclude the summary judgment evidence established that Bruning discovered or in

---

[5] Recently, the Texas Supreme Court concluded that where public records are tainted by fraud, they provide no conclusive proof to establish a lack of diligence in the discovery of fraud. *Hooks v. Samson Lone Star, Ltd. P'ship*, No. 12-0920, 2015 WL 393380, at *1, *6 (Tex. Jan. 30, 2015). Bruning does not assert a fraud claim in this case. Further, his expert relied on public records as a basis for his opinion that Hollowell breached the standard of care for appraisers. There is no contention or evidence that the public records in this case were "tainted by fraud."

the exercise of reasonable diligence should have discovered the wrongful injury more than two years before he filed suit against Hollowell. *See Emerald Oil*, 348 S.W.3d at 203. We need not address whether the discovery rule applies to the type of injury alleged in this case. *See id.*

We overrule Bruning's first and second issues. Because the undisputed evidence supports the summary judgment, we need not address Bruning's third and fourth issues relating to whether the trial court erred by overruling Bruning's objections to other summary judgment evidence. *See* TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

131033F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER BRUNING, Appellant

No. 05-13-01033-CV     V.

KYLE LANE HOLLOWELL, GUY
JOSEPH YORK, AND YORK & YORK,
INC., Appellees

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-09326-D.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees KYLE LANE HOLLOWELL, GUY JOSEPH YORK, AND YORK & YORK, INC. recover their costs of this appeal from appellant CHRISTOPHER BRUNING.

Judgment entered this 23rd day of March, 2015.